*In re* DISTRICTING FOR COURT OF APPEALS.

1. CRIMINAL LAW—APPEAL AS OF RIGHT—CONSTITUTIONAL LAW.
   An appeal of right is granted in every criminal case by the Constitution (Const 1963, art 1, § 20).

2. CONSTITUTIONAL LAW—DIVISION OF POWERS—LAW-MAKING—CONSTRUCTION OF CONSTITUTION.
   The legislature and governor have the sole and exclusive right to the law-making power of the State, and the Supreme Court has the separate duty of construing the Constitution.

3. COURTS—COURT OF APPEALS—ELECTIVE DISTRICTS—COUNTY LINES.
   Provision of Constitution that "the court of appeals shall consist initially of 9 judges who shall be nominated and elected at nonpartisan elections from districts drawn on county lines and as nearly as possible of equal population" does not permit the designation of an elective district or districts consisting other than of a county or counties or of the splitting of a county or counties and requires that the elective districts be as nearly as possible of equal population (Const 1963, art 6, § 8).

SUPREME COURT ROOM,
*Lansing, January 22, 1964.*

*His Excellency The Governor of the State of Michigan,* GEORGE W. ROMNEY

THE HONORABLE T. JOHN LESINSKI,
*Lieutenant Governor of the State of Michigan as President of the Senate*

THE HONORABLE ALLISON GREEN,
*Speaker of the House of Representatives*

THE HONORABLE, THE MEMBERS OF THE SENATE AND THE HOUSE OF REPRESENTATIVES.

*Honorable Sirs:*
   We address you in the same spirit of co-ordinate public obligation which impelled our predecessors

---

REFERENCES FOR POINTS IN HEADNOTES
[3] 18 Am Jur, Elections § 17.

once before in our State's history, 83 years ago, so to do. (Please see *In the Matter of Head Notes to the Opinions of the Supreme Court,* 43 Mich 641.)

Then as now a constitutional question was involved. The Court then, as we do now, passed upon that question not by formal opinion, but by letter, to you and the Governor, signed by all members of the Court.

Only the gravest public question of solemn import to the whole body politic moves us to invoke this precedent.

The constitutionally granted appeal of right in every criminal case,* and our status as the only appellate Court combine to require us presently to hear every criminal appeal. The public interest is thus threatened by the limitation of our capacity to meet our obligation in hearing meritorious civil appeals. We shall bend every effort to meet this crisis pro tempore, but the constitutionally required court of appeals is imminently requisite.

We are mindful that you are directing your attention to this implementation of the Constitution by considering bills already introduced and bills contemplated. We may not in conscience nor in law imperil the functioning of the judicial system of our State by awaiting presentation to us formally the constitutional construction which is implicit in the bill you finally adopt creating the court of appeals.

In full acknowledgment of our respective constitutionally divided powers, and in full recognition of your sole and exclusive right to the law-making power in the government of our State, we direct ourselves now to our separate duty of constitutional construction as it relates to legislation creating the court of appeals.

---

* Const 1963, art 1, § 20.—REPORTER.

We have concluded and we here hold that the first sentence of section 8 of article 6 of the Constitution of 1963 must be construed to provide this meaning:

"Sec. 8. The court of appeals shall consist initially (the word 'initially' qualifies the ensuing word '9' only) of 9 judges who shall be nominated and elected at nonpartisan elections from districts drawn on (and along) county lines (as such lines exist by law at the time of implementing enactment under this section) and, as nearly as possible, of equal population (as disclosed by census figures in legal effect at the time of such enactment), as provided by law."*

The foregoing means, of course, that no measure enacted under section 8 would be constitutionally valid should attempt be made therein to designate an elective district or districts consisting other than of a county or counties, and that the splitting of a county or counties in such legislative process would result in an unconstitutional enactment. It means, too, that such elective districts must be "as nearly as possible, of equal population."

Respectfully yours,

THOMAS M. KAVANAGH, C. J.
JOHN R. DETHMERS,
HARRY F. KELLY,
EUGENE F. BLACK,
THEODORE SOURIS,
OTIS M. SMITH,
MICHAEL D. O'HARA,
PAUL L. ADAMS, JJ.

---

* For instances where the Supreme Court has utilized parenthetical expressions for interpreting constitutional provisions, see *School District of the City of Pontiac* v. *City of Pontiac*, 262 Mich 338, 351, and *City of Jackson* v. *Commissioner of Revenue*, 316 Mich 694, 723.— REPORTER.