## JENSEN v. MENOMINEE CIRCUIT JUDGE.

### DECISION OF THE COURT.

1. APPEAL AND ERROR—INDIGENTS—POSTCONVICTION PROCEEDINGS—ASSISTANCE OF COUNSEL—REPEAL OF COURT RULE.

Order revoking appointment of appellate counsel who had been appointed for indigent for purpose of preparing and filing an application to take a delayed appeal, which order of appointment had been entered on same day court rule allowing appointment of appellate counsel for indigents in postconviction proceedings was repealed is vacated (GCR 1963, 785.4).

### SEPARATE OPINION.

T. E. BRENNAN, C. J., and DETHMERS and KELLY, JJ.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—INDIGENTS—ASSISTANCE OF COUNSEL.

*An indigent accused of a crime has a right to be provided counsel at public expense to assist in his defense (US Const Ams 6, 14; Mich Const 1963, art 1, § 20).*

3. APPEAL AND ERROR—CRIMINAL LAW—CONSTITUTIONAL LAW.

*The right to take a timely appeal, which was granted by the Constitution of 1963 to persons convicted of crimes, is not retroactive (Const 1963, art 1, § 20).*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 345–347.
   21 Am Jur 2d, Criminal Law § 321.
[2] 21 Am Jur 2d, Criminal Law §§ 318, 319.
[3] 4 Am Jur 2d, Appeal and Error §§ 292, 300.
[4] 4 Am Jur 2d, Appeal and Error § 1.
[5, 6] 21 Am Jur 2d, Criminal Law §§ 318–322.
   4 Am Jur 2d, Appeal and Error §§ 292, 293, 345–347.
[7] 5 Am Jur 2d, Appeal and Error § 1011.
[8, 9] 4 Am Jur 2d, Appeal and Error § 345.

4. SAME—LEAVE TO APPEAL—CONSTITUTIONAL LAW—FREEDOM OF
SPEECH—PETITION TO REDRESS GRIEVANCES.
The right to apply for leave to appeal is allied with the right of
freedom of speech and the right to petition for redress of
grievances.

5. SAME—LEAVE TO TAKE DELAYED APPEAL—CONSTITUTIONAL LAW—
APPOINTMENT OF COUNSEL.
Indigents convicted of crime who seek leave to take a delayed
appeal have no right to counsel at public expense for the pur-
pose of preparing and filing their application to take a delayed
appeal, although the Supreme Court may appoint counsel to
assist in preparation of a formal application where convinced
of probable merit and is desirous of a more orderly presenta-
tion (GCR 1963, 785).

6. SAME—DELAYED APPEAL—INDIGENT—APPOINTMENT OF COUNSEL—
DISCRETION OF COURT.
Revocation of appointment of appellate counsel for an indigent
for the purpose of preparing and filing an application to take
a delayed appeal held, not an abuse of the trial court's discre-
tion, where the indigent was fairly convicted in 1961 upon his
voluntary plea of guilty of taking indecent liberties with a
14-year-old girl and nothing in the record suggests a miscar-
riage of justice or denial of fundamental rights (CLS 1961,
§ 750.336; GCR 1963, 785).

7. COSTS—DELAYED APPEAL—CONSTITUTIONAL LAW.
No costs are allowed on appeal from Court of Appeals order of
superintending control directing a circuit judge to reinstate his
order appointing counsel for the purpose of preparing and
filing an application to take a delayed appeal for an indigent
who was convicted of taking indecent liberties with a 14-year-
old girl, where Supreme Court reverses order of the Court of
Appeals (CLS 1961, § 750.336; GCR 1963, 711, 785).

SEPARATE OPINION.

T. M. KAVANAGH, J.

8. APPEAL AND ERROR — JUDICIAL REVIEW — INDIGENTS — EQUAL
PROTECTION.
"Equal protection" means what it says in the area of judicial
review; thus, what one man can afford to buy with his wealth
cannot be denied to another because of his poverty, and there
is no justification for stopping the judicial machinery where
the appellant is indigent.

9. Same—Indigents—Appointed Counsel—Court Rules—Repeal
   —Postconviction Proceedings.

> *Even though legally necessary to the administration of even handed justice to both rich and poor, the court rule providing for appointment of appellate counsel for postconviction proceedings on behalf of indigent persons convicted and sentenced prior to August 1, 1964, was repealed; hence, an order of the trial court revoking appointment of appellate counsel for an indigent defendant convicted before August 1, 1964, was proper where such counsel was appointed the same day as the court rule allowing appointment of appellate counsel for indigents in postconviction proceedings was repealed (GCR 1963, 785.4).*

Appeal from Court of Appeals, Division 2, Quinn, P. J., and T. G. Kavanagh and McGregor, JJ., order granting superintending control. Submitted February 4, 1969. (Calendar No. 3, Docket No. 51,934.) Decided October 6, 1969.

Eugene Arthur Jensen sought an order of superintending control directing Ernest W. Brown, circuit judge for the county of Menominee, to reinstate his order appointing counsel for Jensen. Order granted by the Court of Appeals. Defendant circuit judge appeals. Court of Appeals order vacated and set aside.

*Eugene Arthur Jensen,* in propria persona.

*Russell W. Bradley,* Prosecuting Attorney, for defendant Menominee circuit judge.

T. E. Brennan, C. J.

### The Case.

This case involves the appointment of counsel for an indigent convict to assist him in the preparation of an application for leave to appeal.

The facts are these. Eugene Arthur Jensen was arrested on January 18, 1961, in Wausaukee, Wisconsin, and taken to the Marinette county jail. On the following day, he waived extradition and was turned over to the Menominee county sheriff.

A complaint was filed and warrant issued on January 20th, charging that on the day before his arrest, Jensen, who was 28 years of age, had committed an assault on a 14-year-old girl, with intent to rape her.[1] A second count charged Jensen with taking indecent liberties with the girl.[2]

On the 23d of January, 1961, Jensen was brought before the appellant circuit judge and arraigned upon an information containing the same charges as the warrant. The prosecutor read the information to Jensen. He read it again for himself.

The circuit judge advised Jensen of his right to counsel, at public expense if necessary. Jensen said he did not want an attorney. The judge explained the difference between the two counts charged in the information. Jensen pled not guilty to the charge of attempted rape, and guilty to the charge of taking indecent liberties.

The judge explained the charge of indecent liberties in common terms, twice told the accused that the crime carries a maximum penalty of 10 years, and carefully interrogated him upon the voluntariness of his plea.

Finally, the plea was accepted, and after receiving a presentence report, the court sentenced Jensen on February 10, 1961. The sentence was imprisonment for not less than 3 nor more than 10 years.

The conviction was not appealed, and Jensen was confined in accordance with the judgment of the court.

---

[1] CLS 1961, § 750.85 (Stat Ann 1962 Rev § 28.280).—Reporter.
[2] CLS 1961, § 750.336 (Stat Ann 1954 Rev § 28.568).—Reporter.

## PHASE TWO.

In June of 1967, more than three years after the expiration of his minimum sentence, Jensen was still confined at Marquette. He then filed a request for the appointment of appellate counsel, requesting that a transcript of his arraignment and plea be provided to him at public expense.

The transcript was provided, and on June 8, 1967, appellant circuit judge appointed appellate counsel for Jensen.

At this point, matters took a novel turn. On June 8, 1967, the day of the appointment of Jensen's appellate counsel, the Supreme Court repealed all of the amendments to GCR 1963, 785, and reinstated the rule as it was originally promulgated in 1963.[3]

Repealed was that provision of Rule 785 (GCR 1963, 785.4[2]) *which provided for the appointment of appellate counsel for postconviction proceedings on behalf* of indigent persons convicted and sentenced prior to August 1, 1964.[4]

Appellant circuit judge thereupon, on July 27, 1967, revoked the appointment of Jensen's appellate counsel. No application for leave to take delayed appeal was ever filed on appellee's behalf.

Jensen then sought and received from the Court of Appeals, an order of superintending control, directing the circuit judge to reinstate the appointment of counsel. We granted leave to review that order, upon application of the circuit judge.

## THE ISSUES.

*First:* Whether an indigent defendant, convicted prior to 1963 has a right to the appointment of coun-

---

[3] 379 Mich xxx.
[4] The repealer resolution (379 Mich xxx, xxxi), provided:
"The various amendments of GCR 1963, 785, adopted since January 1, 1963, are repealed effective instanter. * * *

sel for the purpose of preparing and filing an application to take a delayed appeal.

*Second:* Whether upon all the circumstances of this case, there was an abuse of the trial court's discretion in revoking the appointment of counsel.

## The Right to Counsel.

By the laws of Michigan and the Constitution of the United States, an indigent accused of a crime has a right to be provided counsel at public expense to assist in his defense.[5]

Where the Constitution or statutes of a State grant to a convicted person a right to appeal, or to pursue some other postconviction remedy on the merits, the United States Supreme Court has held that the Fourteenth Amendment guarantee of equal protection requires the appointment of counsel for indigents.[6]

Prior to the Constitution of 1963, the conviction of a criminal offense in Michigan carried no right of appeal. Since that time, persons convicted of crimes have a right to take a timely appeal, and, where the assistance of counsel is necessary, counsel are appointed.[7]

But the 1963 constitutional right of appeal in criminal cases is not retroactive. Persons convicted

---

"It is ordered that all amendments of GCR 1963, 785, adopted since January 1, 1963, be and the same are repealed effective this date."

[5] US Const, Ams 6, 14; *Gideon* v. *Wainwright* (1963), 372 US 335 (83 S Ct 792, 9 L Ed 2d 799, 93 ALR2d 733); *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L Ed 2d 977); *Pointer* v. *Texas* (1965), 380 US 400 (85 S Ct 1065, 13 L Ed 2d 923); *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR 3d 974); *Mempa* v. *Rhay* (1967), 389 US 128 (88 S Ct 254, 19 L Ed 2d 336); Const 1963, art 1, § 20; MCLA § 775.16 (Stat Ann 1969 Cum Supp § 28.1253); GCR 1963, 785.3(1).

[6] *Anders* v. *California* (1967), 386 US 738 (87 S Ct 1396, 18 L Ed 2d 493), rehearing denied 388 US 924 (87 S Ct 2094, 18 L Ed 2d 1377).

[7] Const 1963, art 1, § 20; *In re Districting for Court of Appeals* (1964), 372 Mich 227.

prior to 1964, have no right of appeal. They are free to make application for leave to appeal. Such an application addresses itself to the discretion of the reviewing court.

Courts are without power to prevent convicts from asking for review of their convictions. Their freedom to ask to be heard is allied to freedom of speech and the right to petition for redress of grievances.

But freedom of speech does not require equality of forum, or of the means of communication. The right to petition for redress of grievances may be exercised grandly or humbly as the means of the petitioner, the popularity of his cause, or the dedication of his adherents may permit. Appeals may be sought from interlocutory orders, delayed appeals and delayed motions may be urged, State and Federal habeas corpus applied for, certiorari asked, and countless stays requested.

Equality of presentation is not the measure of equal consideration. Not infrequently, the most humble petition has the greatest appeal to grace. Too often, the multiple pleas of the rich are spurious.

When leave to appeal is granted, of course, the assistance of counsel is desirable and should be supplied at public expense where necessary. And certainly nothing said here should suggest that the Court does not have the power to appoint counsel to assist in the preparation of a formal application for leave to appeal, where it is convinced of probable merit, and desires a more orderly presentation.

But there is no right to counsel at public expense for indigents who seek leave to appeal.

## ABUSE OF DISCRETION.

A review of the transcript in this case satisfies us that the defendant was fairly convicted upon a

voluntary plea of guilty. There is nothing in the record suggesting any miscarriage of justice or denial of fundamental rights.

Under these circumstances there was no abuse of the trial court's discretion in revoking the appointment of appellate counsel.

The order of the Court of Appeals, directing the circuit judge to vacate his order revoking the appointment of appellate counsel is vacated and set aside. No costs.

Dethmers and Kelly, JJ., concurred with T. E. Brennan, C. J.

Black and Adams, JJ., concurred in the result.

T. M. Kavanagh, J. (*concurring in result*). I concur in the result because the trial court is merely following the policy adopted by this Court implicit in the repeal of GCR 1963, 785.4.

However, the same judicial attitude which moved me to concur in *People* v. *Mallory* (1967), 378 Mich 538, and which I expressed in *In re Hoffman* (1969), 382 Mich 66, compels me to express my continuing dissatisfaction to the repealing of GCR 1963, 785.4.

We are not here concerned with a legalistic paradox—*i.e.,* whether a discretionary leave to appeal can ever constitute a permanent substantive right—but rather whether we shall liberally or strictly construe the term "equal protection." In my opinion, the term "equal" means just what it says in the area of judicial review; and what one man can afford to buy by his wealth cannot be denied to another simply by virtue of his poverty. Judicial concern with and vigilance against spurious appeals by the popular or powerful defendant, which clog the wheels of justice, are no justification for completely

stopping the judicial machine where the appellant is indigent.

I have always considered GCR 1963, 785.4(2) to be not only desirable, but also legally necessary to the administration of even-handed justice to both rich and poor alike.

Although I must recognize the fact that GCR 1963, 785.4, has been repealed by order of this Court, I cannot subscribe to the policy underlying the repealer and, as manifested by this case, its attendant consequences.   Therefore, I concur in the result only.

T. G. Kavanagh, J., did not sit.