PEOPLE v. BERRY

OPINION OF THE COURT

1. CRIMINAL LAW—DELAYED APPEAL—INDIGENTS.
   There is no constitutional, statutory or rule provision that a defendant shall have any right to a delayed appeal, whether he is indigent or non-indigent.

2. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO COUNSEL—INDIGENTS—LEAVE TO APPEAL—APPELLATE COUNSEL—APPEAL OF RIGHT.
   There is no right to counsel at public expense for indigents who seek leave to appeal; therefore, a defendant has no right to appointment of appellate counsel to prepare and file a delayed application for leave to appeal to the Court of Appeals and by failing to file a claim of appeal within 60 days after sentence a defendant loses his constitutional right to appeal as a matter of right (Const 1963, art 1, § 20, GCR 1963, 803.1).

DISSENTING OPINION

T. G. KAVANAGH, J.

3. CRIMINAL LAW—APPEAL AND ERROR—LIMITATION.
   *Limitation of the constitutional right to appeal as a matter of right must be permitted only for compelling reasons and until it appears that the unlimited right to appeal threatens our administration of justice either by congesting our dockets or by inordinately straining our financial resources or otherwise such limitation is unwarranted (Const 1963, art 1, § 20).*

4. CRIMINAL LAW—APPEAL AND ERROR—SIXTY-DAY LIMITATION—COURT RULE.
   *There has been no demonstration of exceptional circumstances or compelling need for the 60-day limitation imposed by court*

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  21 Am Jur 2d, Criminal Law §§ 233, 322, 323.
[2]  21 Am Jur 2d, Criminal Law §§ 322, 323.
[3, 4]  4 Am Jur 2d, Appeal and Error §§ 270–275.

*rule on the right to appeal as a matter of right (GCR 1963, 803.1).*

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and J. H. Gillis and Quinn, JJ., denying superintending control over Macomb, George R. Deneweth, J. Submitted June 3, 1970. (No. 8 June Term 1970, Docket No. 52,262–1/2.) Decided December 30, 1970.

Donald Berry was convicted on his plea of guilty of larceny from a person. Petition for appointment of appellate counsel denied. Defendant filed petition for writ of *habeas corpus* in the Court of Appeals, treated as a petition for writ of superintending control, and denied. Defendant petitioned the Supreme Court for a writ of *habeas corpus,* considered as an application for leave to appeal, and granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*Donald Berry, in propria persona.*

DETHMERS, J. On October 19, 1967, defendant was arrested and arraigned on a warrant charging robbery unarmed in violation of MCLA § 750.530 (Stat Ann 1954 Rev § 28.798). Defendant waived preliminary examination and was bound over to circuit court for trial. Arraignment there on information occurred October 31, 1967, and defendant entered a plea of not guilty. He made a showing of indigency and the court appointed competent counsel for him.

On the latter's request the matter was remanded to the magistrate's court for preliminary examination. The examination was held, with defendant assisted by his counsel, and it resulted in defendant again being bound over to circuit court on the same charge. After adjournment at his counsel's request, arraignment on information again took place on December 27, 1967. Defendant then, with counsel assisting, stood mute. After adjournments requested by counsel, trial was set for March 29, 1968. On that date a second count, charging the lesser offense of larceny from a person, contrary to MCLA § 750.357 (Stat Ann 1954 Rev § 28.589), was added to the information. To that count, with the assistance of his counsel, defendant pleaded guilty. On April 19, 1968, the court imposed sentence to state prison for 7 to 10 years. At time of sentence the court informed defendant and his counsel that he had a right to appeal within 60 days and, if indigent, the court would appoint counsel for him to prepare and process his appeal.

For 88 days, until July 16, 1968, defendant did nothing about an appeal. Then he executed a petition for appointment of appellate counsel and sent a copy by mail to the clerk of the circuit court and one to the prosecuting attorney, received July 22, 1968, 94 days after date of sentence. The circuit judge denied the petition for tardiness, because not filed within 60 days after sentence, and for lack of merit.

Defendant then sought relief in the Court of Appeals which was denied on November 25, 1968. In the interim, defendant also filed a complaint in the United States district court against the prosecuting attorney and the people, alleging perjury in the Court of Appeals proceeding on the part of the prosecution. The United States court dismissed the

complaint on October 23, 1968, as frivolous and without merit.

Defendant then came to this Court with petition for *habeas corpus* which was treated as an application for leave to appeal from the Court of Appeals order of November 25, 1968. Leave was granted, limiting the appeal here to the sole issue as to whether defendant has the right to appointment of appellate counsel to prepare and file a delayed application for leave to appeal to the Court of Appeals.

The Michigan Constitution of 1963, art 1, § 20, provides in part:

"In every criminal prosecution, the accused shall have the right  *  *  *  to have an appeal as a matter of right;  *  *  *  "

The Michigan Constitution of 1963, art 6, § 5, empowers the Supreme Court to establish by general rule the practice and procedure in all courts of this state.

GCR 1963, 803.1, adopted and promulgated by this Court under that constitutional power, provides that:

"In criminal proceedings, appeals as of right shall be taken not later than 60 days after the entry of the judgment or order appealed from  *  *  *  . The time herein provided is jurisdictional in appeals as of right."

While delayed applications for leave to appeal to the Court of Appeals may be filed, there is no constitutional, statutory or rule provision that a defendant shall have any right to a delayed appeal, whether indigent or non-indigent.

In *Jensen* v. *Menominee Circuit Judge* (1969), 382 Mich 535, this Court said:

"When leave to appeal is granted, of course, the assistance of counsel is desirable and should be supplied at public expense where necessary. And certainly nothing said here should suggest that the Court does not have the power to appoint counsel to assist in the preparation of a formal application for leave to appeal, where it is convinced of probable merit, and desires a more orderly presentation.

"But there is no right to counsel at public expense for indigents who see leave to appeal."

By failing to act within 60 days after sentence defendant lost his constitutional right to have an appeal as a matter of right. As said in *Jensen,* there is no right to counsel at public expense for indigents who seek leave to appeal.

It follows that the circuit court did not err in denying the petition for appointment of appellate counsel and the Court of Appeals was correct in its order of denial.

Affirmed.

T. E. BRENNAN, C. J., and BLACK, J., concurred with DETHMERS, J.

T. M. KAVANAGH and ADAMS, JJ., concurred in result.

T. G. KAVANAGH, J. (*dissenting*). The right to appeal as a matter of right guaranteed by the Michigan Constitution[1] is no more absolute than the specific rights to free speech, association, free press etc. guaranteed by the United States Constitution. (For general discussion of the principle of limitation of specific rights see 16 Am Jur 2d, Constitutional Law, § 332, p 639, *et seq.*)

---

[1] Const 1963, art 1, § 20.—REPORTER.

The limitation of such right however must be permitted only for compelling reason. (See, for example, *NAACP* v. *Alabama* [1958], 357 US 449 [78 S Ct 1163, 2 L Ed 2d 1488]).

Until it appears that the unlimited right to appeal threatens our administration of justice either by congesting our dockets or by inordinately straining our financial resources or otherwise such limitation is unwarranted.

There has been no demonstration of exceptional circumstances or compelling need for the 60-day limitation imposed by our court rule.[2] None appears to me. I would therefore reverse and remand for appointment of counsel to implement defendant's appeal as a matter of right.

KELLY, J., did not sit in this case.

---

[2] GCR 1963, 803.1.—REPORTER.