### *In re* 1976 PA 267

The Supreme Court, *sua sponte,* on July 18, 1977, addressed the Governor and the Legislature on the applicability of the Open Meetings Act (popularly known as the "Sunshine Law"), 1976 PA 267, to the judicial branch. The Court concluded that the courts of this state are not bound by the provisions of the act because it is an impermissible intrusion into the most basic day-to-day exercise of constitutionally derived judicial powers. The judicial powers derived from the Constitution include rule-making, supervisory, and other administrative powers as well as traditional adjudicative ones. They have been exclusively entrusted to the judiciary by the Constitution and may not be diminished, exercised, nor interfered with by the other branches of government without constitutional authorization. However, the Court has, in the past, adopted procedures to open the decision-making process insofar as it involves rules and administrative orders, and in keeping with the spirit of the act intends to review Court procedures with a view to obtaining even wider public participation in the discharge of its responsibilities.

1. CONSTITUTIONAL LAW—COURTS—OPEN MEETINGS ACT.

    The courts of this state are not bound by the provisions of the Open Meetings Act because it is an impermissible intrusion into the most basic day-to-day exercise of the constitutionally derived judicial powers (1976 PA 267; MCL 15.261 *et seq.;* MSA 4.1800[11] *et seq.).*

2. CONSTITUTIONAL LAW—SEPARATION OF POWERS.

    The Constitution divides the powers of government among three branches and commits to each branch exclusive exercise of the functions properly belonging to it, except as otherwise expressly provided in the Constitution; this separation of powers is designed to preserve the independence of the three branches of government (Const 1963, art 3, § 2).

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law § 382.

   20 Am Jur 2d, Courts § 39.

[2–4] 16 Am Jur 2d, Constitutional Law § 210 *et seq.,* 219 *et seq.*

3. CONSTITUTIONAL LAW—COURTS—SEPARATION OF POWERS.

The Constitution vests the judicial power of the state exclusively in one court of justice, vests general superintending control over all courts in the state in the Supreme Court, and confers upon that Court the power to make the rules to govern the practice and procedure within the courts and all the authority necessary to exercise its powers as a coordinate branch of government (Const 1963, art 6, §§ 1, 4, 5).

4. CONSTITUTIONAL LAW—COURTS—SEPARATION OF POWERS.

The judicial powers derived from the Constitution include rule-making, supervisory, and other administrative powers as well as traditional adjudicative ones; they have been exclusively entrusted to the judiciary by the Constitution and may not be diminished, exercised, nor interfered with by the other branches of government without constitutional authorization.

SUPREME COURT ROOM
*Lansing, July 18, 1977*

THE HONORABLE WILLIAM G. MILLIKEN, *Governor of the State of Michigan*

THE HONORABLE JAMES J. DAMMAN, *Lieutenant Governor of the State of Michigan as President of the Senate*

THE HONORABLE BOBBY D. CRIM, *Speaker of the House of Representatives.*

*Gentlemen:*

We address you on the applicability of the Open Meetings Act, 1976 PA 267, to the judicial branch. We are motivated by the same spirit of coordinate public obligation that impelled our predecessors twice before in our state's history to communicate directly to you our opinion on legislative action that profoundly affects this Court. *In the Matter of Head Notes to the Opinions of the Supreme Court,*

43 Mich 641 (1881); *In re Districting for Court of Appeals,* 372 Mich 227; 125 NW2d 719 (1964).

The act closely regulates the meetings of certain public bodies and provides penalties and procedures for its enforcement. In its initial version as Senate Bill No. 920, the act included within its definition of public body "any state or local * * * judicial * * * body". The definition was amended by the Legislature so that § 2(a), as enacted, does not include "judicial body" within the definition of public body. Nevertheless, § 3(7) retains the requirement that the act applies "to a court while exercising rulemaking authority and while deliberating or deciding upon the issuance of administrative orders."

After careful and due deliberation, we conclude that § 3(7) of 1976 PA 267 violates the Constitution of this state and we hereby follow the precedent set by Justices MARSTON, CAMPBELL, GRAVES, and COOLEY in *Matter of Head Notes, supra,* and submit our reasons for concluding that the courts of this state are not bound by the act's provisions.

Const 1963, art 3, § 2 divides the powers of government among three branches and commits to each branch exclusive exercise of the functions properly belonging to it, except as otherwise expressly provided in the Constitution. This separation of powers is designed to preserve the independence of the three branches of government.

Art 6, § 1 vests the judicial power of the state exclusively in one court of justice. Section 4 of that article vests general superintending control over all courts in the state in the Supreme Court and § 5 confers upon this Court the power to make rules to govern the practice and procedure within the courts. It is also well settled that under our form of government the Constitution confers on

the judicial department all the authority necessary to exercise its powers as a coordinate branch of government. We refer you to *Gray v Clerk of Common Pleas Court,* 366 Mich 588; 115 NW2d 411 (1962); *Perin v Peuler (On Rehearing),* 373 Mich 531; 130 NW2d 4 (1964); and *Wayne Circuit Judges v Wayne County,* 386 Mich 1; 190 NW2d 228 (1971).

The judicial powers derived from the Constitution include rulemaking, supervisory and other administrative powers as well as traditional adjudicative ones. They have been exclusively entrusted to the judiciary by the Constitution and may not be diminished, exercised by, nor interfered with by the other branches of government without constitutional authorization. See *Attorney General ex rel Cook v O'Neill,* 280 Mich 649; 247 NW 445 (1937). It is our opinion that 1976 PA 267 is an impermissible intrusion into the most basic day-to-day exercise of the constitutionally derived judicial powers.

We are not unmindful of the Legislature's laudable goal. We have in the past adopted procedures to open our decision-making process insofar as it involves rules or administrative orders. For example, unless there is need for immediate action, we give notice that we are considering adoption of a rule and solicit comments. GCR 1963, 933. Each of the judicial associations have rules committees with whom members of the Court regularly meet to listen to comments on proposed rules. We have required notice to members of local bar associations with an opportunity to comment before we will even consider approval of local rule changes. GCR 1963, 927(3).

In keeping with the spirit of 1976 PA 267, however, we intend to review our procedures with

a view to obtaining even wider public participation in the discharge of our responsibilities.

Respectfully yours,

THOMAS G. KAVANAGH, C. J.
G. MENNEN WILLIAMS,
CHARLES L. LEVIN,
MARY S. COLEMAN,
JOHN W. FITZGERALD,
JAMES L. RYAN,
BLAIR MOODY, JR., JJ.