# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 17, 2008

135787

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

LINCOLN WATKINS,
      Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 135787
COA: 277905
Wayne CC: 06-008116

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we VACATE our order of April 23, 2008. The application for leave to appeal the December 13, 2007 judgment of the Court of Appeals is DENIED, because we are no longer persuaded that the question presented should be reviewed by this Court.

CAVANAGH, J. (*dissenting*).

I disagree with the majority's decision to deny leave to appeal in this case. I am baffled by the fact that the majority is "no longer persuaded that the question presented should be reviewed by this Court." This case presents substantial issues regarding the separation of powers and the fairness of criminal trials. I can think of no issues that are more jurisprudentially significant. I would grant leave to appeal and reverse the Court of Appeals judgment.

This case addresses a conflict between a rule of evidence, MRE 404(b), and a statute, MCL 768.27a. MRE 404(b)(1) states in part: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." In other words, this rule does not allow the admission of evidence that a defendant committed a previous bad act for the sole purpose of showing that he is a bad character who is likely to have done something similar again.[1] MCL 768.27a(1), on

---

[1] The rule does, however, allow character evidence to be used for a variety of other purposes. See MRE 404(b)(1).

the other hand, states that "evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." In other words, in specified child-molestation cases, the statute allows the prosecution to offer evidence that a defendant previously committed an act similar to the one charged for the sole purpose of showing that the defendant likely did something similar again. The conflict between the provisions is clear and irreconcilable: the statute allows evidence in child-molestation cases that the rule of evidence expressly prohibits in all cases. Thus, the Court is asked to decide which one prevails.

The Court of Appeals concluded that the statute prevails over the rule of evidence. *People v Watkins*, 277 Mich App 358, 365 (2007). It reasoned that, while the provisions conflict, the statute controls because it addresses an issue of substantive law rather than a matter of practice or procedure. *Id*. I believe that the Court of Appeals erred because MCL 768.27a represents an unconstitutional legislative intrusion into the affairs of the judiciary.

The Michigan Constitution divides the powers of government into legislative, executive, and judicial branches. Const 1963, art 3, § 2. To maintain the separation of these powers, the constitution admonishes that "[n]o person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution." *Id*. Judicial power is vested exclusively in the judiciary. 1963 Const, art 6, § 1. In exercise of that power, this Court "shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state." Const 1963, art 6, § 5.

The rule at issue, MRE 404(b), was established pursuant to this Court's power and duty to make rules of practice and procedure. It is a procedural rule created to ensure that criminal trials are fair by prohibiting the admission of certain unduly prejudicial evidence. This Court's power over procedural rules "may not be diminished, exercised by, nor interfered with by the other branches of government." *In re 1976 PA 267*, 400 Mich 660, 663 (1977). Further, "the legislature cannot dictate or control the procedures of our circuit courts." *Darr v Buckley*, 355 Mich 392, 396 (1959).

Importantly, MRE 404(b) provides procedural protections ensuring the fairness of criminal trials. There is no more core judicial function. In *People v Crawford*, 458 Mich 376, 383-384 (1998), this Court stated that "[t]he character evidence prohibition [in MRE 404(b)] is deeply rooted in our jurisprudence. Far from being a mere technicality, the rule reflects and gives meaning to the central precept of our system of criminal justice, the presumption of innocence." (Quotation marks and citations omitted.) The *Crawford* Court further reasoned that "[e]vidence of extrinsic bad acts thus carries the risk of prejudice, for it is antithetical to the precept that a defendant starts his life afresh when he stands before a jury." *Id*. at 384 (quotation marks and citations omitted). The *Crawford* Court concluded that "[t]he fundamental principle of exclusion, codified by MRE 404(b),

is woven into the fabric of Michigan jurisprudence." *Id*. If the Legislature can control this fundamental rule of procedure, the powers of the judicial branch are diminished to the vanishing point.

"It cannot be disputed that this Court has inherent as well as constitutional rulemaking power in the discharge of its general superintending control over all inferior courts." *Tomlinson v Tomlinson*, 338 Mich 274, 276 (1953). "This Court does possess broad powers in the forum of practice and procedure as provided in the 1963 Constitution." *People v Booth*, 414 Mich 343, 357 (1982). "It is also well settled that under our form of government the Constitution confers on the judicial department all the authority necessary to exercise its powers as a coordinate branch of government." *In re 1976 PA 267*, 400 Mich at 662-663. MCL 768.27a usurps the judiciary's power to ensure that criminal trials are fair. It is "an impermissible intrusion into the most basic day-to-day exercise of the constitutionally derived judicial powers." *In re 1976 PA 267*, 400 Mich at 663. As such, it must give way to MRE 404(b).

The Court of Appeals came to the contrary conclusion relying on *McDougall v Schanz*, 461 Mich 15, 30 (1999), where a majority of this Court concluded that "a statutory rule of evidence violates Const 1963, art 6, § 5 only when no clear legislative policy reflecting considerations other than judicial dispatch of litigation can be identified."[2] (Quotation marks and citations omitted). I dissented in *McDougall*. I continue to believe that the majority reached its result in that case by improperly expanding the definition of substantive law to include any law with an identifiable policy purpose while reducing the definition of judicial "practice and procedure" to the mere dispatch of judicial business. *McDougall,* 461 Mich at 52-65. I also continue to believe that the majority's redefinition of constitutional powers effectively and impermissibly confines the power of the judiciary to the scheduling of docket sheets. *Id*. at 59 n 26. I characterized the majority opinion as an invitation to a legislative stampede over the fence created by our constitution's framers. *Id*. at 38. Today, by failing to prevent legislative interference with the fundamental rule of evidence at issue in this case, the majority has made the fence superfluous and fully opened the gate to legislative control of the separate and co-equal judiciary.

I respectfully dissent from this Court's order. And, given the majority's failure to address the substantial issues presented, I restate that "I can only hope that, at some point,

---

[2] In *McDougall*, this Court considered a conflict between MRE 702, the court rule providing the standards of admissibility for expert testimony, and MCL 600.2169, which provides for stricter standards of admissibility for expert testimony in medical malpractice cases. *Id*. at 25-26.

. . . we will again revisit this issue, and rebuild the historic divide between the courts and the Legislature, which the majority has carelessly toppled today." *McDougall*, 461 Mich at 72 (Cavanagh, J., dissenting).

KELLY, J., joins the statement of CAVANAGH, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 17, 2008

_____
Clerk