CHARLES F. COBB, RELATOR v. JUDGE OF THE SUPERIOR
COURT OF GRAND RAPIDS.

*"Agents" in courts of record must be attorneys.*

Disbarred attorneys can no longer appear as attorneys in any court
of record in this State, nor represent any person in court as
attorney, agent, or otherwise.

A party cannot appear in a court of record by an agent who is not
an attorney duly licensed to practice.

MANDAMUS.   Submitted April 13.   Decided April 14.

*Smiley* for relator cited Mich. Const., art. vi., § 24,
and argued that the only restrictions contemplated
by its framers upon license to practice law were that
the practitioner should be twenty-one years old and of
good moral character, Const. Debates 1850, pp. 812, 817,
822, 843, 894, 896; an agent of any suitor when prop-
erly appointed may prosecute or defend the suit of his
principal, *McClintock v. Laing* 22 Mich. 220; 1 Green's
Pr. 25.

*Maher* for respondent.

MARSTON, C. J.   In a cause pending in the Superior
Court of Grand Rapids some of the defendants appeared
by an attorney and afterwards, at their request and with
the consent of their attorney, a substitution was made
under which a third person not an attorney of the court
appeared in the cause as their agent.   The present
motion raises the right of a party to appear in a court
of record by an agent who is not an attorney duly
licensed to practice as such.   It was claimed on the
argument that parties have such right under sec. 24,
art. vi. of the Constitution.

Under the legislation in force at the time of the
adoption of the Constitution no person was permitted
to practice as an attorney or counsellor at law, except in

43 MICH.—37.

the county court, or as a solicitor or counsellor in chancery, unless approved by the court for his good character and learning, and duly admitted.

The Supreme Court was authorized to grant to any citizen of the State, of good moral character and of the age of twenty-one years, a license to practice as an attorney, upon an examination, if satisfied that the applicant possessed sufficient legal learning and ability to discharge the duties of such office. Such attorney is required to take the constitutional oath of office, and may be removed or suspended by the several courts in which he is authorized to practice. 2 Comp. L. § 5622 et seq. These and other provisions then and still in force show how carefully the right to practice as an attorney was guarded, not in the admission to practice alone, but in regard to their standing and retaining such rights thereafter. This legislation and our entire practice relating to attorneys has always been observed, and was never supposed to conflict in any way with the constitutional provision referred to. Our rules of practice in reference to the service of papers are framed upon the same theory, and do not recognize the right of parties to appear by agents or persons who are not attorneys and solicitors of the court, and we are of opinion that the word "agents" as used in the Constitution does not give the broad authority claimed by the respondent in this case. The Constitutional Debates referred to on the argument throw no real light upon this question.

If the word "agent" as used in the Constitution, is not to be construed as synonymous with the word "attorney," what is to be the result? Parties may appear by agents possessing no legal qualification or even ordinary intelligence, and of the worst possible character; they may be minors, and may even be persons who have been disbarred and removed by this court from practicing as attorneys and solicitors. They could not practice as attorneys, possessing neither the legal nor moral qualifications for such a position, and yet they could appear

as agents.  They would possess the rights of attorneys but not be subject to the responsibilities; their removal by the court, if they could be removed, would be a mere idle ceremony.  Litigants might again employ them and authorize them to appear and represent their interests, so that persons who could not practice as attorneys could as agents, with equal rights and powers.  Such could not have been the intention of the framers of our fundamental law, or of the people in adopting it.

There are still additional reasons for this view. Attorneys are licensed because of their learning and ability, so that they may not only protect the rights and interests of their clients but be able to assist the court in the trial of the cause.  Yet what protection to clients or assistance to courts could such agents give?  They are required to be of good moral character, so that the agents and officers of the court, which they are, may not bring discredit upon the due administration of the law, and it is of the highest possible consequence that both those who have not such qualifications in the first instance, or who having had them have fallen therefrom, shall not be permitted to appear in courts to aid in the administration of justice.  One of the principal powers possessed by courts for the protection of the public, and to maintain the high standing, character and reputation of the bar, is the right to expel members who have been shown guilty of immoral acts thus rendering them unworthy to longer retain their position as officers of the court.  This court has had occasion heretofore to disbar attorneys convicted of crime, or shown guilty of some serious offense.  Such persons can no longer appear as attorneys in any court of record, and it is equally clear that they would have no right to appear and should not be permitted to represent any person in court, either as attorneys, agents or otherwise.  If they have such power or right their position is better than before, and the judgment of this court is practically of but little force or effect.  An examination of the opinions of this court

in the *Matter of Mills, an Attorney* 1 Mich. 392, and of the *People v. May* 3 Mich. 598, will show the importance of this question.

The writ must issue as prayed for.

The other Justices concurred.