SHARP v HURON VALLEY BOARD OF EDUCATION

Docket No. 55938. Submitted October 14, 1981, at Detroit.—Decided December 16, 1981.

Donald P. Sharp brought an action for mandamus in Oakland Circuit Court against the Huron Valley Board of Education seeking to insure continuation of the driver education program within the school district. The defendant moved to dismiss the complaint and the plaintiff moved for summary judgment. Gene Schnelz, J., issued a writ of mandamus ordering defendant to maintain a driver education program, holding that the Michigan Vehicle Code mandated that such programs be offered by school districts and that the provision in the vehicle code requiring such programs was constitutional. Defendant appeals. The Attorney General intervened on appeal on behalf of the State of Michigan. *Held:*

1. The provision in the Michigan Vehicle Code that "driver education courses shall be conducted by the local public school district" is mandatory rather than permissive in nature. Since the Michigan Vehicle Code provision is specific in nature and was adopted after the provision in the School Code granting discretionary authority to school boards to establish curricula, the specific provision in the Michigan Vehicle Code is to be treated as an exception to the School Code provision and is controlling.

2. The provision in the Michigan Vehicle Code requiring that local school districts provide driver education does not violate the title-object clause of the Michigan Constitution. The Michigan Vehicle Code embraces but one object, that being the promotion of vehicular safety. That object is expressed in the title of the act. The requirement that driver education be

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Schools § 283.
   73 Am Jur 2d, Statutes §§ 22-25.
[2] 73 Am Jur 2d, Statutes § 257.
[3] 68 Am Jur 2d, Schools § 283.
[4] 73 Am Jur 2d, Statutes § 100 *et seq.*

provided by local school districts is consistent with the intent of the Michigan Vehicle Code to promote vehicle safety.

Affirmed.

1. Words and Phrases — Shall — Automobiles — Driver Education.

The provision in the Michigan Vehicle Code which provides that "driver education shall be conducted by the local public school district" is mandatory, since the word "shall" connotes a mandatory duty imposed by law and the Michigan Vehicle Code specifically provides that the word "shall" as used in the code is mandatory (MCL 257.82, 257.811[3]; MSA 9.1882, 9.2511[3]).

2. Statutes — Judicial Construction — Conflicting Statutes.

It is a settled rule of statutory construction that, where two statutes are in conflict and the more specific of the two statutes is enacted after a generally worded statute covering the same subject matter, the specific statute constitutes an exception to the general statute.

3. Automobiles — Schools — Driver Education.

The provision in the Michigan Vehicle Code requiring local public school districts to conduct driver education prevails over the provision in the School Code granting discretionary power to the school boards to determine curricula, the specific provision in the Vehicle Code having been enacted after the general provision in the School Code (MCL 257.811[3], 380.1282; MSA 9.2511[3], 15.41282).

4. Automobiles — Schools — Driver Education — Constitutional Law.

The provision in the Michigan Vehicle Code requiring local public school districts to provide driver education courses does not violate the title-object clause of the Michigan Constitution, since the single object of the vehicle code is to promote safety, that object is expressed in the title to the vehicle code, and the provision requiring the providing of driver education courses is consistent with the object of the vehicle code to promote safety (Const 1963, art 4, § 24, MCL 257.811[3]; MSA 9.2511[3]).

Donald P. Sharp, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gerald R. Young* and *Andrew D. Quinn,* Assistants Attorney General, for the Attorney General.

*Murphy & Kimmel* (by *Robert C. Tice*), for defendant.

Before: MACKENZIE, P.J., and BRONSON and BEASLEY, JJ.

BRONSON, J. Defendant, local public school board, appeals from the trial court's grant of a writ of mandamus directing defendant to offer driver education courses to eligible students as required by the Michigan Vehicle Code, 1949 PA 300. We find no error and affirm.

The Michigan Vehicle Code provides that "driver education courses *shall* be conducted by the local public school district". (Emphasis added.) MCL 257.811(3); MSA 9.2511(3). The statute further states: "A driver education course *shall* be made available for a person under 18 years of age * * *." (Emphasis added.) MCL 257.811(6); MSA 9.2511(6).

Use of the word "shall" connotes a mandatory duty imposed by law. *Southfield Twp v Drainage Board for Twelve Towns Relief Drains,* 357 Mich 59, 76; 97 NW2d 821 (1959), *King v Director of the Midland County Department of Social Services,* 73 Mich App 253, 259; 251 NW2d 270 (1977). It has been stated that in particular peculiar circumstances "shall" may be construed as providing discretion. See, *Smith v City Comm of Grand Rapids,* 281 Mich 235; 274 NW 776 (1937). However, in this case, a discretionary construction of "shall" would not be appropriate. Even if we were otherwise inclined to construe the "shalls" appearing in MCL 257.811; MSA 9.2511 as permissive, the Michigan Vehicle Code embodies in its definitional section rules for construing the code which precludes this result. One provision of the statute

states, " 'shall' and 'may' means shall is mandatory and may is permissive". MCL 257.82; MSA 9.1882.

Defendant contends, however, that if the Michigan Vehicle Code is construed as requiring that school districts must offer driver education courses, it conflicts with MCL 380.1282; MSA 15.41282, a provision of the School Code giving local boards of education discretion to establish curricula as they deem desirable. Defendant further asserts that this grant of discretionary powers to school boards would control the conflicting language in the Michigan Vehicle Code.

A settled rule of statutory construction is that a statute specific in language enacted after the adoption of a generally worded statute covering the same subject matter constitutes an exception to the general statute if they are in conflict. *Manville v Board of Governors of Wayne State University,* 85 Mich App 628, 636; 272 NW2d 162 (1978). An examination of the respective histories of MCL 380.1282; MSA 15.41282 and MCL 257.811; MSA 9.2511 reveals that the latter, as regards the requirement that local school boards provide driver education courses, is the more recent legislation. It was not until the enactment of 1955 (1st Ex Sess) PA 1, § 1, that the state Legislature imposed the requirement that local school districts provide driver education programs. The substance of the current MCL 380.1282; MSA 15.41282 has been codified since at least 1929, however. See, 1929 CL 7432(1) and 1948 CL 355.14(1). Given the foregoing, we conclude that MCL 257.811; MSA 9.2511 controls the general grant of powers in the School Code and removes discretion from the school board in respect to driver education programs.

Various opinions of the Attorney General also have held that it is mandatory for local school

districts to offer driver education courses. OAG, 1961-1962, No 3656, p 407 (May 25, 1962); OAG, 1977-1978, No 5291, p 420 (April 12, 1978); OAG, 1979-1980, No 5659, p 648 (February 28, 1980). In the most recent of these opinions, the Attorney General stated that the Legislature remains free to amend any provisions requiring local school districts to offer driver education courses. Less than 10 months later, the Legislature reenacted the language requiring local public school districts to offer driver education courses, granting discretion only as to whether the courses are offered directly or through the intermediate school district. 1980 PA 308, eff December 4, 1980. We find it significant that the Legislature has never expressed its dissatisfaction with the Attorney General's numerous opinions that school districts must offer driver education programs by amending the statutory provision in issue.

Defendant also contends that the Michigan Vehicle Code contravenes the object-title clause of Mich Const 1963, art 4, § 24. Defendant argues that the inclusion of the requirement that local school boards offer driver education courses in the Michigan Vehicle Code results in the code embracing more than one object. Defendant further asserts that the driver education class requirement is not adequately expressed in the title of the code in any case.

The section attacked as transgressing constitutional standards is part of a larger body of law, the Michigan Vehicle Code, MCL 257.1, *et seq.;* MSA 9.1801, *et seq.* Accordingly, the first question which this Court must address is whether the Michigan Vehicle Code embraces more than one object. The Supreme Court has granted the Legislature broad latitude in reviewing enactments

which constitute a code. In *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 463; 208 NW2d 469 (1973), the Court observed:

"Emphasis is given to the fact that the subject matter constitutes a code and that inherently the scope of a code must be broad enough to encompass the various facets necessary to the drafting of a unified law. If we fail to permit such a design codes may not be enacted in Michigan so long as the 'one-object' limitation is present in the constitution."

We believe that the body of the Michigan Vehicle Code does not violate the one-object doctrine. The code's reference to examination, licensing, and control of operators of motor vehicles necessarily includes some program of training for prospective motor vehicle operators. As the Court observed in *Traverse City School Dist v Attorney General,* 384 Mich 390, 419; 185 NW2d 9 (1971):

"Drivers training, from a functional point of view, is also a general health and safety measure. The state interest in providing driving instructions to high school age youth is to enable neophyte drivers to safely handle an automobile in order to protect themselves and other citizens from injuries caused by the actions of improperly trained drivers.

"*The legislature treats drivers education as a general safety measure rather than an educational matter.* The act which created a drivers training program was enacted as an amendment to the Michigan Vehicle Code. The specific act amended was entitled "An act * * * to provide for the examination, licensing and control of operators and chauffeurs." (Emphasis added; footnote deleted.)

It is apparent from the foregoing that the Michigan Vehicle Code meets both requirements for validity under the title-object clause: (1) the code

embraces the single object of promoting safety; and (2) that object is expressed in its title. The section requiring local school boards to offer driver education courses to eligible students is consistent with the broad general safety purposes of the Michigan Vehicle Code. Accordingly, we reject defendant's contention that the code in any way violates the title-object clause. See and compare, *People v Trupiano,* 97 Mich App 416; 296 NW2d 49 (1980), *lv den* 409 Mich 895 (1980).

Affirmed. No costs, a public issue of first impression concerning proper statutory construction having been involved.