STATE BAR OF MICHIGAN v GALLOWAY

Docket No. 58072. Submitted January 7, 1983, at Detroit.—Decided
March 21, 1983. Leave to appeal applied for.

James Galloway was an employee of Gates, McDonald & Company, a corporation which provided unemployment compensation cost control services to employers. In 1963, the State Bar of Michigan commenced an action in Wayne Circuit Court against Galloway and Gates, McDonald. The court, Thomas J. Murphy, J., entered a consent judgment permanently enjoining the defendants from representing clients in proceedings under the Michigan Employment Security Act. Subsequently, the Legislature amended the MESA to provide that an employer may be represented in any proceeding before the commission by counsel or other duly authorized agent. Thereafter, Gates, McDonald resumed its practice of representing employers before the Michigan Employment Security Commission. Subsequently, certain MESC hearing referees refused to permit Gates, McDonald to represent its clients in MESC proceedings. Gates, McDonald filed a motion in Wayne Circuit Court to dissolve or amend the 1963 injunction. The court, John R. Kirwan, J., entered an order denying Gates, McDonald's motion, finding that although persons who are not attorneys could represent employers before the MESC, Gates, McDonald was precluded from doing so because corporations are prohibited from practicing law. The defendants appealed by leave granted. The plaintiff cross-appealed the circuit court's finding that nonattorneys could represent employers before the MESC.
    *Held:*

    1. The Michigan Employment Security Act permits persons

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 145, 146.
[2] 73 Am Jur 2d, Statutes § 250.
[3] 73 Am Jur 2d, Statutes §§ 187-190, 321.
[4] 73 Am Jur 2d, Statutes §§ 415-417
[5, 9] 7 Am Jur 2d, Attorneys at Law §§ 101, 107, 113.
[6] 16 Am Jur 2d, Constitutional Law §§ 334, 335, 356, 357.
[7] 20 Am Jur 2d, Courts § 28.
[8-10] 7 Am Jur 2d, Attorneys at Law § 2.

who are not attorneys to represent employers in proceedings before the Michigan Employment Security Commission. That provision conflicts with the statute providing that a person may not practice law unless he is licensed and authorized to practice law in this state. The conflict should be resolved by treating the provision authorizing nonattorneys to represent employers before the MESC as an exception to the general provision prohibiting the lay practice of law because it is more recent and more specific.

2. The judiciary does not have the inherent power to assert ultimate authority over the practice of law in proceedings before the MESC. An attempted exercise of such authority would violate the separation of powers doctrine. Administrative agencies such as the MESC are created by the Legislature pursuant to its power to delegate nonlegislative functions to such agencies. However wise or unwise the Legislature's decision to allow employers to be represented by nonattorney agents before the MESC, the courts may not disturb that decision.

3. A corporation may represent an employer in proceedings before the MESC. The provision in the MESA permitting employers to be represented by agents is more recent and specific than the statute prohibiting corporations from practicing law and should be treated as an exception to the prohibition.

4. The plaintiff's failure to raise the issue of the Legislature's obligation to establish minimum qualifications to be met by nonattorney agents representing employers before the MESC at the trial court level constitutes a waiver of the issue on appeal.

Reversed.

1. STATUTES — JUDICIAL CONSTRUCTION.

The cardinal rule in interpreting a statute is to ascertain and give effect to the intent of the Legislature; if the language of the statute in unambiguous, giving ordinary words their plain and ordinary meaning, the intent of the Legislature should be determined accordingly and further construction is precluded.

2. STATUTES — JUDICIAL CONSTRUCTION.

Every part of a statute should be given effect in interpreting the statute and one part should not be construed so as to render another part nugatory.

3. STATUTES — JUDICIAL CONSTRUCTION — *In Pari Materia* — WORDS AND PHRASES.

Statutes *in pari materia* are those which relate to the same

person or thing, or the same class of persons or things, or which have a common purpose; in the construction of a statute, all statutes relating to the same subject, or having the same general purpose, should be read in connection with it as together constituting one law, although enacted at different times and containing no reference to each other.

4. STATUTES — CONFLICTING STATUTES.

A specific statute enacted after the adoption of a generally worded statute covering the same subject matter constitutes an exception to the general statute if they are in conflict.

5. STATUTES — MICHIGAN EMPLOYMENT SECURITY ACT — NONATTORNEY REPRESENTATION.

The Michigan Employment Security Act permits persons who are not attorneys to practice law by representing employers in proceedings before the Michigan Employment Security Commission; this is an exception to the general rule prohibiting the lay practice of law (MCL 421.31, 600.916; MSA 17.533, 27A.916).

6. CONSTITUTIONAL LAW — SEPARATION OF POWERS.

The separation of powers doctrine prohibits the judiciary from encroaching on legislative functions and, likewise, the Legislature from encroaching on judicial functions (Const 1963, art 3, § 2).

7. SUPERINTENDING CONTROL — COURTS.

The Michigan Supreme Court has superintending control over all courts and the power to establish rules governing practice and procedure in the courts (Const 1963, art 6, §§ 4, 5).

8. STATUTES — PRACTICE OF LAW.

The Legislature may regulate the practice of law as part of its concern for the public welfare; statutory enactments regulating the practice of law do not constitute an unconstitutional invasion of the judicial power of the Supreme Court which has inherent power to regulate the qualifications of persons who may be permitted to practice law.

9. COURTS — PRACTICE OF LAW — EMPLOYMENT SECURITY COMMISSION.

The judiciary does not have the inherent power to assert ultimate authority over the practice of law in proceedings before the Michigan Employment Security Commission; an attempted exercise of such authority would violate the separation of powers doctrine (Const 1963, art 3, § 2; art 4, § 1).

10. ADMINISTRATIVE LAW — EMPLOYMENT SECURITY COMMISSION —
    PRACTICE OF LAW — CORPORATIONS.

    A corporation may act as an agent in representing an employer
before the Employment Security Commission (MCL 421.31;
MSA 17.533).

*Kiefer, Allen, Cavanagh & Toohey* (by *H. Rollin Allen*), for plaintiff.

*Tolleson, Mead, Welchli & Dahn* (by *Hudson Mead*), for Gates, McDonald & Company.

Amicus Curiae:

*Van Til, Kasiborski & Ronayne* (by *John R. Ronayne, III*), for Reed, Roberts Associates, Inc.

Before: J. H. GILLIS, P.J., and D. F. WALSH and N. J. KAUFMAN,* JJ.

J. H. GILLIS, P.J. The primary issue raised in this appeal is whether a nonattorney may represent an employer in proceedings before the Michigan Employment Security Commission (MESC).

Defendant, Gates, McDonald & Company (Gates, McDonald) is a corporation which provides unemployment compensation cost control services to employers. Defendant James Galloway was an employee of Gates, McDonald.

In 1963, the State Bar of Michigan commenced an action in the Wayne County Circuit Court against defendants herein, which resulted in a consent judgment permanently enjoining defendants from representing clients in proceedings under the Michigan Employment Security Act (MESA), MCL 421.1 *et seq.;* MSA 17.501 *et seq.* At

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

that time, § 31 of the act, MCL 421.31; MSA 17.533, provided in part:

"No individual claiming benefits shall be charged fees of any kind in any proceeding under this act by the commission or its representatives or by any court or any officer thereof. Any individual claiming benefits in any proceeding before the commission or a court may be represented by counsel or other duly authorized agent; but no such counsel or agents shall either charge or receive for such services more than an amount approved by the commission."

In 1968, the Legislature enacted 1968 PA 338, effective July 19, 1968, which added the following clause to § 31:

"An employer may be represented in any proceeding before the commission by counsel or other duly authorized agent."

Under the authority of the amended statute, defendant Gates, McDonald resumed its practice of representing employers before the MESC and continued without interruption until 1979. At that time certain MESC referees, in reliance on the 1963 injunction, refused to permit Gates, McDonald to represent its clients in MESC proceedings.

Gates, McDonald subsequently filed a motion to dissolve or amend the 1963 injunction. On March 20, 1981, the circuit court issued an opinion and order denying the motion. Following a rehearing, the court again denied defendants' request for dissolution of the 1963 injunction. The circuit court found that, while § 31 of the MESA specifically permitted nonattorneys to represent employers in MESC proceedings, defendant Gates, McDonald was precluded from doing so under MCL

450.681; MSA 21.311, which prohibits the practice of law by corporations.

This Court granted defendants' application to file a delayed appeal. Plaintiff filed a cross-appeal challenging the circuit court's finding that nonattorneys are allowed to represent employers before the MESC. Reed, Roberts Associates, Inc., another corporation engaged in providing unemployment compensation cost control services, has filed an amicus curiae brief.

Defendants concede for purposes of this appeal that their representation of employers before the MESC involved the practice of law.

I

Does MESA § 31 authorize nonattorneys to represent employers in MESC proceedings?

Plaintiff answers in the negative. It argues that the legislative term "duly authorized agent" authorizes a nonattorney to represent an employer only to the extent that such representation is ministerial in nature and falls short of constituting the practice of law. By interpreting the statute in this way, it is argued, the conflict between § 31 and MCL 600.916; MSA 27A.916, which prohibits an unlicensed person from practicing law, is reconciled and the term "agent" in § 31 is not rendered a nullity. We do not accept plaintiff's construction of § 31.

The cardinal rule of statutory interpretation is to ascertain and effectuate the legislative intent in enacting the provision. *Carter Metropolitan Christian Methodist Episcopal Church v Liquor Control Comm*, 107 Mich App 22, 28; 308 NW2d 677 (1981), *lv den* 411 Mich 1037 (1981). If the language of the statute is unambiguous, the intent of the Legisla-

ture should be determined accordingly and further construction is precluded. Ordinary words are to be given their plain and ordinary meaning. *Carter Church, supra.* Every part of a statute is to be given effect; one part should not be construed so as to render another nugatory. *Melia v Employment Security Comm,* 346 Mich 544; 78 NW2d 273 (1956).

In addition, there are rules addressing the problem of conflict between statutes. Where statutes relate to the same subject or class of persons or things, or have a common purpose, they are considered *in pari materia,* and must be read together as constituting one law, even though they were enacted at different times and contain no reference one to the other. *County Road Ass'n of Michigan v Bd of State Canvassers,* 407 Mich 101, 119; 282 NW2d 774 (1979). It is presumed that the Legislature knows of and intends to legislate in harmony with existing law. Therefore, where statutes are *in pari materia,* each must be given effect if such can be done without repugnancy, absurdity, or unreasonableness. *Rochester Community Schools Bd of Ed v State Bd of Ed,* 104 Mich App 569, 578-579; 305 NW2d 541 (1981). Finally, a specific statute enacted after the adoption of a generally worded statute covering the same subject matter constitutes an exception to the general statute if they are in conflict. *Sharp v Huron Valley Bd of Ed,* 112 Mich App 18, 21; 314 NW2d 785 (1981).

Applying these rules of construction, we find that the terms "duly authorized agent" and "represented in any proceeding" are ordinary terms which must be given their plain and ordinary meaning. We would do violence to the unambiguous language of the statute were we to interpret "agent" as meaning "attorney" and "represented"

as being limited to merely ministerial and not more involved forms of representation. Moreover, the interpretation urged by plaintiff would create a redundancy in the statute and render the word "counsel" a nullity.

Plaintiff relies on *Cobb v Judge of Superior Court of Grand Rapids,* 43 Mich 289; 5 NW 309 (1880). In that case, the Court addressed Const 1850, art 6, § 24, which provided:

"Any suitor in any court of this state shall have the right to prosecute or defend his suit, either in his own proper person, or by an attorney or agent of his choice".

The Court interpreted "agent" as being synonymous with "attorney", reasoning that, under legislation in existence at the time the provision was adopted, only duly admitted attorneys were permitted to represent others in most courts and that the framers of the constitution did not intend to disturb that legislation. The Court also noted that if nonattorneys were allowed to represent others in court, attorneys could not be effectively disciplined by disbarment since they could continue to represent clients as nonattorney agents. Finally, the Court found that its interpretation was necessary in order to insure the knowledge and qualifications of those who represent litigants in court.

We do not find *Cobb* controlling. In contrast to *Cobb,* the agent's authority in the instant case is specifically limited to the representation of employers in proceedings under the MESA. Since the present case does not involve representation by nonattorneys in courts of law, the policy considerations underpinning the *Cobb* decision are not applicable. Moreover, we do not feel bound by a century-old decision interpreting a former constitutional provision where, as here, established rules

of construction clearly require us to give effect to every word of the statute.

Accordingly, we conclude that § 31 does permit nonattorneys to practice law by representing employers in proceedings before the MESC. The statute is therefore in conflict with MCL 600.916; MSA 27A.916, which provides that a person may not practice law unless he is "licensed and authorized to practice law in this state". The 1968 amendment to § 31 permitting agents to represent employers before the MESC is more recent than MCL 600.916; MSA 27A.916. It is also more specific than the prohibiting statute since it applies only to proceedings before the MESC while the latter applies to all forms of practice of law. Applying the rules governing construction of statutes *in pari materia,* the conflict is resolved by treating § 31 as an exception to the general provision prohibiting the lay practice of law. *Sharp v Huron Valley Bd of Ed, supra.*

## II

Although § 31 authorizes nonattorneys to practice law by representing employers before the MESC, does the judiciary have the power to reject the legislative enactment?

Plaintiff argues that the ultimate authority to define and regulate the practice of law lies in the judiciary and that legislative enactments in this area are gratuitous only and may be rejected by the judiciary if it finds them contrary to public policy.

The separation of powers doctrine prohibits the judiciary from encroaching on legislative functions, and likewise the Legislature from encroaching on judicial functions. Const 1963, art 3, § 2;

*Dearborn Twp v Dearborn Twp Clerk,* 334 Mich 673, 682-683; 55 NW2d 201 (1952). Under Const 1963, art 6, §§ 4 and 5, the Supreme Court has superintending control over all courts and the power to establish rules governing practice and procedure in the courts. *In re 1976 PA 267,* 400 Mich 660, 662; 255 NW2d 635 (1977).

In addition, the Court has "inherent power * * * to regulate the qualifications of persons who may be permitted to practice law". *Ayres v Hadaway,* 303 Mich 589, 597; 6 NW2d 905 (1942); *Detroit Bar Ass'n v Union Guardian Trust Co,* 282 Mich 216, 225-228; 276 NW 365 (1937). However, the Legislature may also regulate the practice of law; such statutory enactments are not an unconstitutional invasion of judicial power. *Ayres, supra; Detroit Bar Ass'n, supra.* Rather, such legislation is a means of regulating the practice of law coexisting with the inherent authority of the courts. See *State Bar of Michigan v Cramer,* 399 Mich 116, 132; 249 NW2d 1 (1976). As explained in a separate opinion by Justice WILLIAMS in *Falk v State Bar of Michigan,* 411 Mich 63, 127-129; 305 NW2d 201 (1981), the courts have acknowledged that, in addition to their own inherent power, the Legislature has a legitimate interest in regulating the practice of law as part of its concern for the public welfare. See Const 1963, art 4, § 51.

Our review of the relevant authorities discloses, however, that, while the inherent power of the courts is paramount as to matters relating to the administration of judicial functions (*i.e.,* regulation of the practice of law in courts), the same is not true in other areas of the practice of law. The holdings in several cases suggest that the supreme inherent power of the judiciary does not extend beyond legal practice in the courts.

In *Detroit Bar Ass'n v Union Guardian Trust Co, supra,* the Court considered whether certain practices conducted by the defendant trust company pursuant to statute constituted the unauthorized practice of law. The Court quoted with approval from *In re Cannon,* 206 Wis 374, 395; 240 NW 441 (1932):

" 'We admit that courts have no concern with the qualifications of lawyers except in so far as they are permitted to participate in the administration of the law in actions and proceedings in courts of law and equity. If the legislature desires to classify attorneys at law, we are free to say that the courts would not be concerned with the qualifications of those permitted to perform legal services or to give legal advice which has nothing to do with the administration of the law in actions and proceedings in courts of law and equity. The legislature may establish such qualifications as it chooses for those who are permitted to act as conveyancers, examiners of title, organizers of corporations, or any other type of legal services which does not give them power to influence the course of justice as administered by the courts.' " 282 Mich 226.

The Court also quoted from *Clark v Austin,* 340 Mo 467; 101 SW2d 977 (1937), regarding the power of the judiciary to regulate the practice of law.

" 'So far as is necessary to their self-protection the right of the courts is paramount or exclusive; but beyond that point the legislative department also has constitutional rights in the exercise of the police power.' " 282 Mich 227.

The Court concluded:

"In accord with the foregoing authorities, we hold that, as indicated by the quoted opinions, the practice of law in certain aspects is solely a matter within judicial

control. But there are also other activities commonly considered and sometimes judicially held to be the practice of law which are subject to legislative control." 282 Mich 227-228.

More recently, Justice LEVIN, writing separately in *State Bar of Michigan v Cramer, supra,* noted:

"The judiciary may assert but does not legitimately have the inherent, constitutionally implied power to bar non-lawyers from pursuing their vocations on a finding of impingement on work sometimes or traditionally done by lawyers. Occupational licensing of non-lawyers is a legislative prerogative; unless the Legislature were to authorize non-lawyers to appear in *court,* there is no intrusion on judicial power.

"The 'judicial power' (Const 1963, art 6, § 1) is vested in the 'one court of justice' *(id);* this Court has 'general superintending control over all *courts'* (Const 1963, art 6, § 4) and the power by general rules to 'establish, modify, amend and simplify the practice and procedures in all *courts* of this state'. (Const 1963, art 6, § 5.) (Emphasis in original.)

\* \* \*

"The power conferred in Const 1963, art 6, § 28 to review administrative action which is 'judicial or quasi-judicial' and affects private rights or licenses is not a source of additional judicial power to regulate practices and procedures in such tribunals. If it were, then the business of this Court would include not only overseeing the practices and procedures of the courts but establishing, by rule and administrative order, the administrative procedures and supervision of the countless township, city, county and state administrative agencies whose actions are subject to judicial review. Plainly that is beyond our authority and energy." 399 Mich 158, fn 24.

Administrative agencies such as the MESC are created by the Legislature pursuant to its power to delegate nonlegislative functions to such agencies.

Const 1963, art 4, § 1. We do not believe the judiciary has the inherent power to assert ultimate authority over the practice of law in proceedings before the MESC. An attempted exercise of such authority would violate the separation of powers doctrine. Const 1963, art 3, § 2. However wise or unwise the Legislature's decision to allow employers to be represented by nonattorney agents before the MESC, the Court may not disturb that decision.

### III

May a corporation represent `an employer in proceedings before the MESC?

This question requires us to resolve a conflict between § 31 and MCL 450.681; MSA 21.311, which provides:

"It shall be unlawful for any corporation or voluntary association to practice or appear as an attorney-at-law for any person other than itself in any court in this state or before any judicial body, or to make it a business to practice as an attorney-at-law, for any person other than itself, in any of said courts or to hold itself out to the public as being entitled to practice law, or render or furnish legal services or advice, or to furnish attorneys or counsel or to render legal services of any kind in actions or proceedings of any nature or in any other way or manner * * *.

* * *

"*This section shall not apply to any corporation or voluntary association lawfully engaged in a business authorized by the provisions of any existing statute* * * *.*" (Emphasis supplied.)

The trial court reconciled the conflict by construing the term "agent" in § 31 as referring only to noncorporate entities, and held that MCL 450.681;

MSA 21.311 prohibited defendant Gates, McDonald from representing employers before the MESC. We believe the court erred in adopting that construction.

Defendants and amicus curiae argue that corporate representation of employers under § 31 is not prohibited by MCL 450.681; MSA 21.311 because it is a business authorized by an existing statute and therefore falls within the express exception emphasized in the above quotation. However, in *Detroit Bar Ass'n, supra,* the Court stated with regard to the exception in MCL 450.681; MSA 21.311:

"It is apparent that this provision was embodied in the statute by the legislature so it might be definitely understood that it was not the intent of the legislature by this enactment to restrict *the powers conferred upon corporations by other acts of the legislature under which such corporations were organized."* 282 Mich 255. (Emphasis supplied.)

Since § 31 is not a statute under which corporations are organized and does not expressly confer upon a corporation the power to represent others in proceedings before the MESC, we find that the exception in MCL 450.681; MSA 21.311 is not applicable.

Nonetheless, reading § 31 and MCL 450.681; MSA 21.311 together and applying established rules of construction, we are convinced that the latter statute does not prohibit corporations from representing employers under § 31. The provision in § 31 permitting employers to be represented by agents was added by amendment in 1968 and is more recent than MCL 450.681; MSA 21.311, which was enacted in 1917. In addition, § 31 is a specific statute which concerns only proceedings

under the MESA, while MCL 450.681; MSA 21.311 is a general statute which reaches all types of practice of law by corporations. Therefore, under rules governing construction of statutes *in pari materia,* § 31 prevails and must be treated as an exception to the statute prohibiting practice of law by corporations.

Plaintiff also argues that the Legislature is required to establish minimum qualifications to be met by nonattorney agents representing employers under § 31. Plaintiff's failure to raise this issue in the trial court constitutes a waiver of the issue on appeal. *Sowels v Laborers' International Union of North America,* 112 Mich App 616, 623; 317 NW2d 195 (1981).

The trial court's order denying defendants' motion to dissolve the 1963 injunction is reversed. No costs.