STATE BAR OF MICHIGAN v GALLOWAY

MICHIGAN HOSPITAL ASSOCIATION v EMPLOYMENT
SECURITY BOARD OF REVIEW

Docket Nos. 71983, 72029. Argued January 8, 1985 (Calendar Nos. 5, 6).—Decided June 25, 1985.

The State Bar of Michigan brought an action in the Wayne Circuit Court against James Galloway and Gates, McDonald & Co., seeking an injunction to prevent the defendants from representing employer clients at Employment Security Commission referee hearings on the ground that the defendants are not attorneys. The court, Thomas J. Murphy, J., entered a consent judgment permanently enjoining the defendants in 1963. In 1981, the court, John R. Kirwan, J., denied the defendants' motion to dissolve or amend the injunction. The Court of Appeals, J. H. GILLIS, P.J., and D. F. WALSH and N. J. KAUFMAN, JJ., reversed, authorizing the defendants to represent clients at referee hearings (Docket No. 58072). The plaintiff appeals.

Michigan Hospital Association brought an action in the Wayne Circuit Court against the Employment Security Board of Review, and the Employment Security Commission, seeking a declaration that the Employment Security Act permits agents of the association who are not attorneys to represent member hospitals at MESC proceedings and an injunction to prevent the defendants from excluding or hindering the agents. The State Bar of Michigan was permitted to intervene as a defendant. The court, Charles Kaufman, J., enjoined the defendants from excluding or in any way hindering the association's agents from representing association members in proceedings before the commission and the board of review. The Court of Appeals, BRONSON, P.J., and MacKENZIE and SANBORN, JJ., reversed in an opinion per curiam (Docket No. 61222). The plaintiff appeals.

In a unanimous opinion per curiam, the Supreme Court *held:*

Nonattorneys may appear at Employment Security Commission referee hearings as representatives of employer clients without engaging in the unauthorized practice of law.

The Employment Security Act provides that employers may

be represented in MESC proceedings "by counsel or other duly authorized agent." The term "counsel" means attorney, and the additional phrase "or other duly authorized agent" would have no meaning if the Legislature did not intend to authorize representation by persons who are not attorneys. Looking at the plain language of the statute, the Legislature intended to permit nonattorneys to appear at MESC referee hearings as the representatives of their employer clients.

*Galloway,* affirmed.

*Michigan Hospital Ass'n,* reversed.

123 Mich App 667; 333 NW2d 319 (1983) reversed.

*Kiefer, Allen, Cavanagh & Toohey* (by *H. Rollin Allen*) for State Bar of Michigan.

*Strefling & Brode, P.C.* (by *Neil Strefling*), for Michigan Hospital Association.

*Barbier, Goulet, Petersmarck, Tolleson & Mead, P.C.* (by *Hudson Mead*), for Galloway and Gates, McDonald & Co.

Amici Curiae:

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael J. Moquin,* Assistant Attorney General, for the Attorney General.

*Clark, Klein & Beaumont* (by *John F. Burns, J. Walker Henry,* and *Kurt J. Meister*) for Employers' Unemployment Compensation Council.

*Colombo & Colombo* (by *Lawrence F. Raniszeski*) for John M. Packer and Associates.

*Levin, Levin, Garvett & Dill* (by *Erwin B. Ellmann* and *Eli Grier*) for Michigan Education Association.

*Miller, Cohen, Martens & Sugerman, P.C.* (by

*Bruce A. Miller,* General Counsel, and *Renate Klass),* for Michigan State AFL-CIO.

*Van Til, Kasiborski & Ronayne, P.C.* (by *John J. Ronayne, III*), for Reed, Roberts Associates, Inc., and James E. Frick, Inc.

PER CURIAM. The issue raised in these two cases is whether MCL 421.31; MSA 17.533 permits non-lawyers to represent employers in quasi-judicial proceedings before Michigan Employment Security Commission[1] referees. In *State Bar of Michigan v Galloway,*[2] the Court of Appeals answered affirmatively. In *Michigan Hospital Ass'n v Michigan Employment Security Comm,*[3] a different Court of Appeals panel reached the opposite conclusion. We granted leave to appeal in both cases.[4] We agree with the *Galloway* panel's interpretation of the statute.[5] Therefore, we affirm the decision in *Gallo-*

[1] The Michigan unemployment compensation act, 1936 (Ex Sess) PA 1, MCL 421.1 *et seq.;* MSA 17.501 *et seq.,* created the Michigan Employment Security Commission. The commission has members appointed by the Governor and one ex officio member. MCL 421.3; MSA 17.503. The commission selects a director who, in turn is authorized to hire such employees as shall be necessary to exercise the powers and carry out the responsibilities assigned to the commission and the director. MCL 421.5; MSA 17.505. Commission administrative employees make the initial determinations regarding eligibility for unemployment compensation benefits. MCL 421.32; MSA 17.534. Referees appointed by the commission review those administrative determinations. MCL 421.33; MSA 17.535. Appeals from the referees' decisions may be taken to the Board of Review, "an autonomous entity within the department of labor" whose members are appointed by the Governor, with the advice and consent of the Senate. MCL 421.35; MSA 17.537. Parties aggrieved by the board's decisions may seek discretionary judicial review in the circuit courts. MCL 421.38; MSA 17.540.

[2] 124 Mich App 271; 335 NW2d 475 (1983).

[3] 123 Mich App 667; 333 NW2d 319 (1983).

[4] See 418 Mich 949 (1984) *(Galloway),* and 418 Mich 950 (1984) *(Michigan Hospital Ass'n).*

[5] The present case does not require us to either adopt or reject the *Galloway* panel's other conclusions about the powers of this Court and the Legislature to define and regulate the practice of law outside the courtroom.

*way,* and reverse the decision in *Michigan Hospital Ass'n.*

## I

As passed in 1936, the Michigan Employment Security Act allowed claimants to be represented in MESC proceedings by "counsel or other duly authorized agent[s]."

> Any individual claiming benefits in any proceeding before the commission or a court may be represented by counsel or other duly authorized agent; but no such counsel or agents shall either charge or receive for such services more than an amount approved by the commission. [1936 (Ex Sess) PA 1, § 31, MCL 421.31; MSA 17.533.]

A very similar provision for employers was added by 1968 PA 338. The last paragraph of MCL 421.31; MSA 17.533 now provides:

> Any employer may be represented in any proceeding before the commission *by counsel or other duly authorized agent.* [Emphasis added.]

The first and most important issue in this case is whether the Legislature intended the phrase "other duly authorized agent" to include nonlawyers. If so, then this expression of legislative intent must be reconciled with the statutory prohibition against unauthorized practice of law by individuals[6] and corporations.[7]

---

[6] "It is unlawful for any person to practice law, or to engage in the law business, or in any manner whatsoever to lead others to believe that he is authorized to practice law or to engage in the law business, or in any manner whatsoever to represent or designate himself as an attorney and counselor, attorney at law, or lawyer, unless the person so doing is regularly licensed and authorized to practice law in this state." MCL 600.916; MSA 27A.916.

[7] "It shall be unlawful for any corporation or voluntary association

## II

### *The Galloway Case*

Defendant Gates, McDonald & Company is a corporation. It provides unemployment compensation cost-control services to employers. Defendant James Galloway was a Gates employee.

As noted above, the MESA has always allowed claimants to be represented before the commission by a "duly authorized agent." Several of the amici curiae inform us that they, as labor unions, routinely provide their members with the services of nonlawyer employees who represent those members at MESC referee hearings.

At least as early as 1963, Gates, McDonald & Company began providing a similar service for its employer clients. The State Bar of Michigan viewed that activity as the unauthorized practice of law and, therefore, commenced an injunctive action in Wayne Circuit Court. The parties ultimately stipulated to the entry of a consent judgment permanently enjoining the defendants from representing employer clients at referee hearings. The case then lay dormant until 1981. In the interim, the Legislature passed 1968 PA 338, which amended MCL 421.31; MSA 17.533 so that it now also allows employers to appear by a "duly

---

to practice or appear as an attorney-at-law for any person other than itself in any court in this state or before any judicial body, or to make it a business to practice as an attorney-at-law for any person other than itself, in any of said courts or to hold itself out to the public as being entitled to practice law, or render or furnish legal services or advice, or to furnish attorneys or counsel or to render legal services of any kind in actions or proceedings of any nature or in any other way or manner . . . . This section shall not apply to any corporation or voluntary association lawfully engaged in a business authorized by the provisions of any existing statute . . . ." MCL 450.681; MSA 21.311.

The Legislature has created a specific exception for law firms organized as professional service corporations. See MCL 450.222(a); MSA 21.315(2)(a).

authorized agent." Without seeking modification of the Wayne Circuit Court judgment, Gates resumed its former practice of having its nonlawyer employees appear on behalf of employer clients at referee hearings. No resistance surfaced until 1979 when some MESC referees, in reliance on the 1963 injunction, refused to permit Gates personnel to participate in the hearings. That prompted Gates to return to circuit court where it sought dissolution or amendment of the 1963 injunction. The circuit judge ultimately ruled that the statute barring corporate law practice, MCL 450.681; MSA 21.311, still prevented Gates, McDonald & Company from providing this additional service for its clients.[8]

On appeal by Gates, McDonald & Company, the Court of Appeals reversed. It saw in the 1968 amendment to MCL 421.31; MSA 17.533, a clear expression of a legislative intent to allow nonlawyers to represent employers at referee hearings. That interpretation forced the Court to resolve a conflict between the amended version of MCL 421.31; MSA 17.533 and the previously cited prohibitions against unauthorized practice of law by individuals and corporations. The Court of Appeals resolved that conflict by considering the statutes *in pari materia* and concluding that the more recent and more specific statute should be interpreted as an exception to the older and more general statutes. Thus the Court of Appeals concluded that Gates is now authorized to represent its clients at referee hearings. The State Bar of Michigan appeals that decision.

*The Michigan Hospital Association Case*
The Michigan Hospital Association is a nonprofit

---

[8] However, the circuit judge also ruled that the 1968 amendment permits individual nonlawyers to appear on behalf of employer clients; only corporations are still excluded.

corporation. It offers a variety of services to its member hospitals. Many of those members are themselves nonprofit corporations or other types of not-for-profit entities. As such, they qualify for special privileges under MESA. First, they may elect to be "contributing employers" who reimburse the MESC for benefits actually paid instead of paying a periodic assessment based on their past claims histories. MCL 421.13a; MSA 17.513(1). Second, and of more immediate importance in the present case, they may band together with other nonprofit employers and form a group account to share the cost of unemployment benefits. MCL 421.13e; MSA 17.513(5). If they choose to form a group, they are required to "identify and authorize a representative to act for the group for the purposes of [the MESA]." MCL 421.13e(1); MSA 17.513(5)(1). Acting under the MHA's umbrella, its nonprofit members have formed a group and designated the MHA as their authorized representative. The MHA then provides the same representation services that Gates, McDonald & Company provides to its private clients.

Like Gates, McDonald & Company, the MHA for many years sent its nonlawyer employees to appear as hospital representatives at MESC referee hearings. It followed that practice until 1980 when some MESC referees threatened to exclude the MHA's employees from future hearings.

The MHA then filed an injunctive and declaratory judgment action in Wayne Circuit Court. The complaint named the MESC and the Employment Security Board of Review as defendants. The State Bar of Michigan subsequently intervened as a defendant.

The trial court granted the relief requested by the MHA. However, on appeal, the Court of Appeals reversed and held that MCL 421.31; MSA

17.533 did not authorize nonlawyer participation in referee hearings. 123 Mich App 667. Unlike the *Galloway* panel, the Court of Appeals panel in *Michigan Hospital Ass'n* saw no legislative intent to create an exception to the unauthorized practice statutes and comparable common-law doctrines. They harmonized the statutes by reasoning that a nonlawyer might be a "duly authorized agent" capable of appearing before the MESC in rule-making proceedings, but that only attorneys were "duly authorized" to appear at referee hearings or other quasi-judicial proceedings. We granted the MHA's application for leave to appeal.

## III

Assuming *arguendo* that appearances at MESC referee hearings would otherwise constitute the unauthorized practice of law[9] and be prohibited by MCL 600.916; MSA 27A.916 or MCL 450.681; MSA 21.311, the controlling question in this case is whether the Legislature intended MCL 421.31; MSA 17.533 to stand as an exception to those prohibitions. Looking at the plain language of the statute, we can reach no other conclusion. The employer language, added by 1968 PA 338, provides:

> Any employer may be represented in any proceeding before the commission by counsel or other duly authorized agent.

All agree that "counsel" means an attorney. The additional phrase "or other duly authorized agent"

---

[9] The parties in *State Bar of Michigan v Galloway* have so stipulated for purposes of this litigation. There is no comparable stipulation in *Michigan Hospital Ass'n v Michigan Employment Security Comm*, but resolution of this dispute does not require categorization of the parties' activities.

would have no meaning if the Legislature did not intend to authorize representation by persons who are not attorneys.[10] In construing a statute, we will make every effort to give meaning to every part of it and avoid rendering any part nugatory. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956). This statute is so plainly written that we have little need to refer to principles of statutory construction. We mention *Melia* only because both Court of Appeals panels were understandably troubled by our decision in *Cobb v Judge of Superior Court of Grand Rapids,* 43 Mich 289; 5 NW 309 (1880). There the Court dealt with a provision of Michigan's 1850 Constitution that provided:

> Any suitor in any court of this state shall have the right to prosecute or defend his suit, either in his own proper person, or by an attorney or agent of his choice. [Const 1850, art 6, § 24.]

The *Cobb* Court interpreted as synonyms the words "attorney" and "agent." But *Cobb* has no special precedential value in the present case where, if extended, it would require a distorted reading of the statute.

---

[10] The Court of Appeals panel in *Michigan Hospital Ass'n* reasoned that nonattorneys might be "duly authorized" for appearances in some MESC proceedings but not others. That interpretation is theoretically possible but most unlikely. It is undercut by the forty-nine-year history of the comparable provision for claimant representation.

We also reject the State Bar's argument that the statute's reference to a "proceeding before the commission" does not include hearings conducted by MESC referees. The premise for that argument is that referees are something different and distinct from "the commission."

Technically, the only "commission" involved in this case is the panel appointed by the Governor. In common understanding, however, the "commission" is a major component of the Department of Labor. The referees are commission employees. We are satisfied that, when the Legislature referred to a "proceeding before the commission," it intended to include referee hearings.

We hold that the Legislature meant what it plainly said. Notwithstanding the unauthorized-practice statutes, it intended to permit nonattorneys to appear at MESC referee hearings as the representatives of their employer clients.

In *Michigan Hospital Ass'n v Michigan Employment Security Comm,* we reverse the judgment of the Court of Appeals and reinstate the judgment of the Wayne Circuit Court. We affirm the judgment of the Court of Appeals in *State Bar of Michigan v Galloway.*

WILLIAMS, C.J., and LEVIN, RYAN, BRICKLEY, CAVANAGH, BOYLE, and RILEY, JJ., concurred.