MICHIGAN MILLERS MUTUAL INSURANCE COMPANY v FARM
BUREAU GENERAL INSURANCE COMPANY

Docket No. 90061. Submitted November 12, 1986, at Grand Rapids.
Decided December 16, 1986. Leave to appeal denied, 428 Mich
—.

Ricky A. Thompson was injured when the motorcycle on which
he was riding was involved in an accident with a pickup truck
which was owned and operated by John J. Grega. The motorcy-
cle being operated by Thompson was a trail bike designed for
off-road use and was not registered as a motorcycle. The Grega
vehicle was insured under a no-fault automobile insurance
policy issued by Farm Bureau General Insurance Company.
Thompson was domiciled in the house of his parents who were
the named insureds under a no-fault automobile insurance
policy issued by Michigan Millers Mutual Insurance Company.
Each insurer paid certain no-fault benefits to Thompson. Michi-
gan Millers brought an action in Kent Circuit Court against
Farm Bureau General, seeking restitution of those sums it paid
to Thompson. Michigan Millers claimed that under the pay-
ment priority provision of the no-fault act Farm Bureau Gen-
eral, as insurer of the owner of the truck, was primarily liable
for payment of the personal protection insurance benefits claim
brought by the operator of the motorcycle, Thompson. Farm
Bureau General argued that, since the motorcycle in question
was an off-road recreational vehicle, the provision in the off-
road recreational vehicle act exempting off-road recreational
vehicles from the provisions of the no-fault act applied and thus
the no-fault priority of payment provision was inapplicable.
The trial judge, Woodrow A. Yared, J., on the parties' stipu-
lated facts, ruled that defendant was responsible for payment of
Thompson's personal protection no-fault benefits on the basis of
the no-fault payment priority provision. Defendant appealed.
The Court of Appeals held:

REFERENCES

Am Jur 2d, Automobile Insurance §§ 353, 354.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.
See also the annotations in the Index to Annotations under Motor-
cycles.

1. Courts, in construing statutes, should attempt to reconcile the provisions of different statutes if, by reasonable construction, it is possible to do so. In construing statutes, ordinary words in a statute should be given their plain and ordinary meaning.

2. While the off-road recreational vehicle statute states that off-road recreational vehicles are exempt from the provisions of the no-fault act, the Legislature did not say that a person's status as an operator of a motorcycle designed as an off-road recreational vehicle cannot be considered in determining the priority of payment of no-fault benefits. Determination of no-fault payment priority under the provisions of the no-fault act in no way subjects the off-road recreational vehicle to the provisions of the no-fault act nor negates the effect of the provision in the off-road recreational vehicle act exempting such off-road vehicles from the duties imposed by the no-fault act.

3. The trial court properly determined that defendant, as insurer of the truck, was liable for the payment of Thompson's no-fault benefits.

Affirmed.

INSURANCE — NO-FAULT — MOTORCYCLES — OFF-ROAD RECREATIONAL VEHICLES.

The provision in the off-road recreational vehicle act which exempts an off-road recreational vehicle from the provisions of the no-fault act does not preclude use of the no-fault act's priority of payment provisions to determine the insurer who will be liable for no-fault payment for injuries incurred in an accident involving an automobile and a motorcycle which was designed as an off-road recreational vehicle, since the application of the payment priority provision of the no-fault act neither subjects the motorcycle to the provisions of the no-fault act nor negates the exemption by the off-road recreational vehicle act of the motorcycle from the duties imposed by the no-fault act (MCL 257.1603; MSA 9.3300[3]; MCL 500.3114[5]; MSA 24.13134[5]).

*Dilley, Dewey & Waddell, P.C.* (by *Jonathan S. Damon*), for plaintiff.

*Nelson & Kreuger, P.C.* (by *James R. Nelson*), for defendant.

Before: R. M. MAHER, P.J., and D. F. WALSH and
C. STELL,* JJ.

D. F. WALSH, J. Defendant, Farm Bureau General Insurance Company, appeals from the declaratory judgment which held that defendant is responsible for payment of no-fault benefits to or on behalf of Ricky Thompson for accidental bodily injuries suffered by him in an accident on September 11, 1984. The trial court directed defendant to reimburse plaintiff Michigan Millers Mutual Insurance Company for no-fault benefits it had paid as a result of Ricky Thompson's injuries.

The parties stipulated to the following facts:

1. That on September 11, 1984 Ricky A. Thompson sustained bodily injuries arising out of a motor vehicle accident occurring at an intersection in Muskegon County, Michigan.

2. That as a result of the injuries he sustained in said accident, Ricky A. Thompson became entitled to certain benefits under the Michigan No-Fault Automobile Insurance Act.

3. That the motor vehicle involved in said accident was a 1977 Dodge pickup truck which was owned, operated and lawfully registered in the state of Michigan by John Joseph Grega.

4. That at the time of the accident, Ricky A. Thompson was operating a 1972 Kawasaki trail bike . . . .

5. That the said trail bike was powered by a 175 cubic centimeter piston displacement motor, was designed to travel on two wheels in contact with the ground, was equipped with a saddle or seat for use of a rider, and is not a moped.

6. That said trail bike was not registered as a motorcycle with the State of Michigan and did not have a headlight, taillight, turn signals, rear view mirror, speedometer, or other certain devices nec-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

essary to be permitted to be used upon a public highway. It was not designed to be used upon a public highway and it could not legally be operated upon a public highway.

7. That said trail bike was designed to be used solely for off the road use and was an "Off-Road Recreational Vehicle" as defined by the Off-Road Recreational Vehicle Act, MCL 257.1601; MSA 9.3300(1), *et seq.*

8. That at the time of the accident the 1977 Dodge pickup truck involved in the accident was insured under a no-fault automobile insurance policy issued by Farm Bureau General Insurance Company to John Joseph Grega.

9. That at the time of the accident Ricky A. Thompson was domiciled in the same household as his parents who were the named insureds under an automobile no-fault insurance policy issued by Michigan Millers Insurance Company.

10. That at the time of the accident, Ricky A. Thompson was not married and was not the named insured in any automobile no-fault insurance policy.

11. The parties hereto have each paid certain no-fault benefits to Ricky A. Thompson and seek restitution of those benefits paid from the other.

The trial court ruled that defendant was responsible for payment of benefits under § 3114(5) of the no-fault act, MCL 500.3114(5); MSA 24.13114(5). We affirm.

MCL 500.3114(5); MSA 24.13114(5) provides:

A person suffering accidental bodily injury arising from a motor vehicle accident which shows evidence of the involvement of a motor vehicle while an operator or passenger of a motorcycle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) The insurer of the owner or registrant of the motor vehicle involved in the accident.

(b) The insurer of the operator of the motor vehicle involved in the accident.

(c) The motor vehicle insurer of the operator of the motorcycle involved in the accident.

(d) The motor vehicle insurer of the owner or registrant of the motorcycle involved in the accident.

For purposes of the no-fault act, a "motorcycle" is defined as

> a vehicle having a saddle or seat for the use of the rider, designed to travel on not more than 3 wheels in contact with the ground, which is equipped with a motor that exceeds 50 cubic centimeters piston displacement. The wheels on any attachment to the vehicle shall not be considered as wheels in contact with the ground. Motorcycle does not include a moped, as defined in section 32b of the Michigan vehicle code, Act No. 300 of the Public Acts of 1949, being section 257.32b of the Michigan Compiled Laws. [MCL 500.3101(2)(a); MSA 24.13101(2)(a).]

As described by the parties in this case, Ricky Thompson's trail bike was a "motorcycle" as defined in the no-fault act. See Stipulation No. 5, *supra*. The parties also agree that the trail bike is an off-road recreational vehicle, as defined in § 1j of the off-road recreational vehicle (ORV) act, 1975 PA 319, MCL 257.1601 *et seq.;* MSA 9.3300(1) *et seq.:*

> "ORV" or "vehicle" means a motor driven off-road recreation vehicle capable of cross-country travel without benefit of a road or trail, on or immediately over land, snow, ice, marsh, swampland, or other natural terrain. It includes, but is not limited to a multitrack or multiwheel drive or low pressure tire vehicle, a motorcycle or related 2-wheel or 3-wheel vehicle, an amphibious ma-

chine, a ground effect air cushion vehicle, or other means of transportation deriving motive power from a source other than muscle or wind. "ORV" or "vehicle" does not include a registered snowmobile, a farm vehicle being used for farming, a vehicle used for military, fire, emergency, or law enforcement purposes, a construction or logging vehicle used in performance of its common function, or a registered aircraft. [MCL 257.1601(j); MSA 9.3300(1)(j).]

The ORV act provides that, with limited exceptions, an ORV shall not be operated unless registered with the department of state. MCL 257.1604; MSA 9.3300(4). The act generally prohibits the operation of an ORV on public highways unless the vehicle is registered under 1949 PA 300, the Michigan Vehicle Code, MCL 257.1-257.923; MSA 9.1801-9.2623. MCL 257.1614; MSA 9.3300(14).

Section 3 of the ORV act provides in pertinent part:

An ORV is exempt . . . from the provisions of sections 3101 to 3179 of Act No. 218 of the Public Acts of 1956, as amended, being sections 500.3101 to 500.3179 of the Michigan Compiled Laws. [MCL 257.1603; MSA 9.3300(3).]

MCL 500.3101-500.3179; MSA 24.13101-24.13179, are the provisions of the no-fault act.

Defendant argues that § 3 of the ORV act precludes application of § 3114(5) of the no-fault act under the facts of this case. We are not so persuaded.

There is no question but that Ricky Thompson's trail bike meets the no-fault definition of a motorcycle and that, absent the problem allegedly posed by § 3 of the ORV act, defendant, insurer of the owner of the motor vehicle involved in the acci-

dent, would be responsible for payment of no-fault benefits under MCL 500.3114(5)(a); MSA 24.13114(5)(a). We are persuaded that § 3 of the ORV act has no bearing on the issue presented in this case.

The general rule is that "exemptions in a statute are carefully scrutinized and not extended beyond their plain meaning." *Grand Rapids Motor Coach Co v Public Service Comm,* 323 Mich 624, 634; 36 NW2d 299 (1949). In addition, "[w]here, by reasonable construction, two statutes can be reconciled, and the purpose of each can be served, it is the duty of the courts to reconcile and enforce them." *Manville v Bd of Governors of Wayne State University,* 85 Mich App 628, 635; 272 NW2d 162 (1978), lv den 406 Mich 959 (1979). Ordinary words in a statute are to be given their plain and ordinary meaning. *State Bar of Michigan v Galloway,* 124 Mich App 271, 277; 335 NW2d 475 (1983), aff'd 422 Mich 188; 369 NW2d 839 (1985).

An ordinary and plain meaning of "exempt from" is "not subject to." *Webster's Third New International Dictionary, Unabridged Edition* (1964). See also *Maine Water Co v City of Waterville,* 93 Me 586; 45 A 830 (1900): "The term 'exemption' implies a release from some burden, duty or obligation."

Application of § 3 of the ORV act as urged by defendant in this case would extend the section's exemption beyond its plain meaning. Section 3 states that ORV's are exempt from the provisions of the no-fault act. The Legislature did not say that a person's status as operator of an ORV/motorcycle cannot be considered in determining priority of payment of no-fault benefits. Determination of no-fault payment priority under MCL 500.3114(5); MSA 24.13114(5) in this case neither subjects the trail bike (ORV) to the provisions of the no-fault act

nor negates the vehicle's release from the duties imposed by the no-fault act.

The trial court's judgment in this case reflects a reasonable and reconciling construction of the pertinent provisions of the ORV act and the no-fault act. Under MCL 500.3114(5); MSA 24.13114(5), defendant is responsible for payment of no-fault benefits to Ricky Thompson.

Affirmed.