## KENTUCKY STATE BAR ASSOCIATION, Complainant,

v.

## HENRY VOGT MACHINE COMPANY, Inc., and H. A. Zachari, Respondents.

Court of Appeals of Kentucky.

June 9, 1967.

E. Gaines Davis, Jr., Smith, Reed, Yessin & Davis, Charles S. Cassis, Frankfort, for complainant.

John E. Tarrant, Richard W. Iler, Bullitt, Dawson & Tarrant, Louisville, for respondents.

PER CURIAM.

The Kentucky State Bar Association charged the respondents, Henry Vogt Machine Company, its agents and employees, and H. A. Zachari, with unauthorized practice of law.

It is stipulated that on August 28, 1962, respondent, H. A. Zachari, who was not then and is not now a licensed attorney but who was director of personnel for Henry Vogt Machine Company, appeared for respondent, Henry Vogt Machine Company, at a hearing before a referee of the Unemployment Insurance Commission, an administrative agency, in the matter of Carl Miller v. Henry Vogt Machine Company, and that at the hearing, H. A. Zachari objected to a motion, examined and cross-examined witnesses. The parties further stipulated that these actions, as above described, were innocently performed but they do constitute the unauthorized practice of law.

The special commissioner, who heard the case, has recommended that the respondents be found guilty of the unauthorized practice of law and that they be held in contempt of this court. It was further recommended that respondents be permanently enjoined from making legal objections in hearings

before referees of the Unemployment Insurance Commission and from examining or cross-examining witnesses in such hearings.

Counsel for the respective parties to this proceeding have approved this recommendation.

This court being sufficiently advised confirms the recommendations of the special commissioner. Accordingly it is ordered by this court that the respondents, H. A. Zachari and Henry Vogt Machine Company, its employees, and any representatives who are not licensed attorneys, are permanently enjoined from making legal objections in hearings before referees of the Unemployment Insurance Commission and from examining or cross-examining witnesses in such hearings.

Respondents are ordered to pay the costs of the proceedings.

All concur.