MICHIGAN HOSPITAL ASSOCIATION v MICHIGAN
EMPLOYMENT SECURITY COMMISSION

Docket No. 61222. Submitted August 18, 1982, at Detroit.—Decided
March 1, 1983. Leave to appeal applied for.

Plaintiff, the Michigan Hospital Association, brought an action in
the Wayne Circuit Court seeking a permanent injunction re-
quiring defendants, the Michigan Employment Security Com-
mission and the Employment Security Board of Review and
their agents and referees, to allow representation of employers
in proceedings before the defendants by non-attorney agents, in
particular the plaintiff and its agents and employees. The State
Bar of Michigan intervened as a defendant and cross-claimant.
The circuit court, Charles Kaufman, J., issued a final judgment
and permanent injunction in favor of the plaintiff. The State
Bar of Michigan appeals. *Held:*

1. By using the phrase "duly authorized agent" in the section
of the Michigan Employment Security Act regarding represen-
tation by counsel or other duly authorized agent the Legisla-
ture indicated its intention to have the circumstances in which
non-attorneys may represent clients in proceedings before the
commission determined by application of the general rules
concerning the practice of law. Therefore, the statute does not
permit non-attorneys to represent employers in contested cases
before the commission since such would constitute the practice
of law.

2. Plaintiff may represent clients at proceedings before the
commission where such representation would not fall within
generally accepted definitions of the practice of law.

Reversed and remanded for entry of an injunction on the
cross-claim consistent with the Court's opinion.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 206, 217.
[2] 3 Am Jur 2d, Agency § 68.
[3, 6] 7 Am Jur 2d, Attorneys at Law § 1.
[4, 5, 7] 7 Am Jur 2d, Attorneys at Law §§ 101, 107.
[8] 16 Am Jur 2d, Constitutional Law § 219.
[9] 7 Am Jur 2d, Attorneys at Law § 2.
[10] 76 Am Jur 2d, Unemployment Compensation §§ 93, 94.

1. STATUTES — JUDICIAL CONSTRUCTION.

A cardinal rule of statutory construction is that every word in a statute is presumed to have some force or meaning and no portion of a statute should be rendered nugatory.

2. AGENCY — AUTHORIZATION.

Authorization by a principal is implicit in the concept of agency.

3. ATTORNEY AND CLIENT — PRACTICE OF LAW.

The definition of the practice of law has traditionally been left to the courts by Michigan's Legislature.

4. ADMINISTRATIVE LAW — EMPLOYMENT SECURITY ACT — ATTORNEY AND CLIENT — DULY AUTHORIZED AGENT — WORDS AND PHRASES.

The Michigan Legislature, by using the phrase "duly authorized agent" in the section of the Michigan Employment Security Act regarding representation by counsel or other duly authorized agent, intended to have the circumstances in which non-attorneys may represent clients in proceedings before the Michigan Employment Security Commission determined by application of the general rules concerning the practice of law; the statute does not permit non-attorneys to represent employers in contested cases before the commission (MCL 421.31; MSA 17.533).

5. ATTORNEY AND CLIENT — PRACTICE OF LAW — ADMINISTRATIVE LAW.

The representation of clients in contested cases before administrative bodies is generally held to constitute the practice of law.

6. ATTORNEY AND CLIENT — PRACTICE OF LAW.

The giving of personal advice to a particular person on a specific legal problem constitutes the practice of law.

7. ADMINISTRATIVE LAW — RULEMAKING — PRACTICE OF LAW.

An employer may make a request for promulgation of a rule and may participate in public hearings on proposed rules pursuant to sections of the Administrative Procedures Act of 1969; the representation of clients in such proceedings before an agency does not fall within generally accepted definitions of the practice of law (MCL 24.238, 24.241; MSA 3.560[138], 3.560[141]).

8. STATUTES — JUDICIAL CONSTRUCTION.

Courts must construe a statute so that it will be constitutional unless the contrary clearly appears.

9. COURTS — ATTORNEY AND CLIENT — PRACTICE OF LAW.
> The exclusive power of the judiciary to define and regulate the practice of law extends to the practice of law before the courts; the practice of law is regulated for the protection of the public and to ensure that persons who represent litigants meet minimum standards of training and skill.

10. ADMINISTRATIVE LAW — APPEAL.
> Judicial review of contested cases before the Michigan Employment Security Commission is limited to the record made before the commission, and findings of fact in such contested cases are conclusive if supported by competent, material, and substantial evidence on the whole record (MCL 421.38; MSA 17.540).

*Strefling & Brode, P.C.* (by *Neil A. Strefling,* for plaintiff.

*Kiefer, Allen, Cavanagh & Toohey* (by *H. Rollin Allen),* for the State Bar of Michigan.

Before: BRONSON, P.J., and MACKENZIE and K. N. SANBORN,* JJ.

PER CURIAM. This appeal arises out of an injunction issued by the circuit court which requires the Michigan Employment Security Commission to allow representation of employers in proceedings before the commission, its referees, and the Employment Security Board of Review by non-attorney agents, in particular the Michigan Hospital Association and its agents and employees. The State Bar of Michigan intervened in the proceedings in circuit court as a defendant and cross-claimant and appeals by right.

The issues before us arise out of MCL 421.31; MSA 17.533, which provides in part:

"Any individual claiming benefits in any proceeding before the commission or a court may be represented by counsel or other duly authorized agent; but no such

---

* Circuit judge, sitting on the Court of Appeals by assignment.

counsel or agents shall either charge or receive for such services more than an amount approved by the commission.

"Any employer may be represented in any proceeding before the commission by counsel or other duly authorized agent."

A cardinal rule of statutory construction is that every word in a statute is presumed to have some force or meaning and no portion of a statute should be rendered nugatory. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956). It is with this rule in mind that we examine the phrase "duly authorized agent". In *Stephenson v Golden (On Rehearing),* 279 Mich 710, 734; 276 NW 849 (1937), the Court said:

"What is an agent?

" 'An agent is a person having express or implied authority to represent or act on behalf of another person, who is called his principal.' Bowstead on Agency (4th ed), p 1."

Authorization is thus implicit in the concept of agency. If we were to construe "duly authorized agent" to mean merely "agent duly authorized by the principal", we would be failing to give the phrase "duly authorized" any force or effect, because if the Legislature intended such a construction, it need only have said "agent".

The parties have devoted much attention to argument concerning the relative scope of the judicial and legislative powers in the area of definition and regulation of the practice of law. Whatever the relative scope of those powers, in Michigan the Legislature has traditionally left definition of the practice of law to the courts. *Ingham County Bar Ass'n v Walter Neller Co,* 342 Mich

214, 221; 69 NW2d 713 (1955); *State Bar of Michigan v Cramer,* 399 Mich 116, 132-133; 249 NW2d 1 (1976). We discern no legislative intent in the statute to alter generally accepted definitions of the practice of law or abandon the traditional scheme of regulation of such practice. By using the phrase "duly authorized agent", the Legislature indicated its intention to have the circumstances in which non-attorneys may represent clients in proceedings before the commission determined by application of the general rules concerning the practice of law.

Representation of clients in contested cases before administrative bodies is generally held to constitute the practice of law. *People ex rel Chicago Bar Ass'n v Goodman,* 366 Ill 346; 8 NE2d 941 (1937) (workers' compensation board); *In re Unauthorized Practice of Law in Cuyahoga County,* 175 Ohio St 149; 192 NE2d 54 (1963) (industrial commission); *Kentucky State Bar Ass'n v Henry Vogt Machine Co,* 416 SW2d 727 (Ky, 1967) (unemployment insurance commission); *Public Service Comm v Hahn Transportation, Inc,* 253 Md 571; 253 A2d 845 (1969) (public service commission). See also 7 Am Jur 2d, Attorneys at Law, § 107, pp 178-179, and the cases discussed therein. Moreover, the giving of personal advice to a particular person on a specific legal problem constitutes the practice of law. *State Bar of Michigan v Cramer, supra,* pp 137-138. It is difficult to see how plaintiff can represent clients in contested cases before the commission without doing this.

Our construction of the statute does not render the phrase "duly authorized agent" nugatory, because not every proceeding before the commission is a contested case at which representation of clients is generally held to constitute the practice

of law. For example, the commission engages in formal rulemaking pursuant to MCL 421.4; MSA 17.504. In connection with such rulemaking, employers may make a request pursuant to MCL 24.238; MSA 3.560(138) for promulgation of a rule and may participate in public hearings on proposed rules pursuant to MCL 24.241; MSA 3.560(141). Representation of clients in such proceedings would not fall within generally accepted definitions of the practice of law.

Our construction of the statute is also supported by other considerations. Courts must construe a statute so that it will be constitutional unless the contrary clearly appears. *Sullivan v Michigan State Bd of Dentistry,* 268 Mich 427, 429-430; 256 NW 471 (1934); *People v McQuillan,* 392 Mich 511, 536; 221 NW2d 569 (1974). Const 1963, art 3, § 2 precludes the Legislature from exercising powers belonging to the judiciary. It is clear that, whatever the scope of the exclusive power of the judiciary to define and regulate the practice of law, it at least extends to the practice of law before the courts. *Detroit Bar Ass'n v Union Guardian Trust Co,* 282 Mich 216, 225-228; 276 NW 365 (1937); *State Bar of Michigan v Cramer, supra,* p 158, fn 24 (opinion of LEVIN, J.). The phrase "duly authorized agent" is used in the statute to describe a person who may represent an individual claiming benefits in any proceeding before the commission or before a court. If we were to construe the statute to allow non-attorney agents to represent clients in proceedings in which generally accepted definitions of the practice of law limit representation to attorneys, we would be giving the statute a construction which would render it an unconstitutional infringement of the judiciary's exclusive power to define and regulate the practice of law in the courts.

Moreover, the practice of law is regulated for the protection of the public. *State Bar of Michigan v Cramer, supra,* p 134; *In the Matter of Grimes,* 414 Mich 483, 491; 326 NW2d 380 (1982). Yet if we were to give the statute the construction advocated by plaintiff, we would be holding that the Legislature intended to authorize representation by agents without regard to the qualifications or character of the agents. In this connection, see *Cobb v Judge of Superior Court of Grand Rapids,* 43 Mich 289, 290-291; 5 NW 309 (1880), in which the Court construed Const 1850, art 6, § 24, which provided:

"Any suitor in any court of this state shall have the right to prosecute or defend his suit, either in his own proper person, or by an attorney or agent of his choice."

The Court said:

"If the word 'agent' as used in the Constitution, is not to be construed as synonymous with the word 'attorney,' what is to be the result? Parties may appear by agents possessing no legal qualification or even ordinary intelligence, and of the worst possible character; they may be minors, and may even be persons who have been disbarred and removed by this court from practicing as attorneys and solicitors. They could not practice as attorneys, possessing neither the legal nor moral qualifications for such a position, and yet they could appear as agents. They would possess the rights of attorneys but not be subject to the responsibilities; their removal by the court, if they could be removed, would be a mere idle ceremony. Litigants might again employ them and authorize them to appear and represent their interests, so that persons who could not practice as attorneys could as agents, with equal rights and powers. Such could not have been the intention of the framers of our fundamental law, or of the people in adopting it."

Judicial review of contested cases before the commission is limited to the record made before the commission, and findings of fact in such contested cases are conclusive if supported by competent, material, and substantial evidence on the whole record. MCL 421.38; MSA 17.540. Parties represented by agents untrained in the law may find, when their case reaches circuit court, that the record made before the commission was fatally flawed. Regulation of the practice of law is based in part on the necessity of ensuring that persons who represent litigants meet minimum standards of training and skill. The language employed in the statute at issue here does not convince us that the Legislature intended to place parties before the commission at the mercy of unscrupulous or unskilled practitioners by abandoning the safeguard of a regulated bar.

We hold that MCL 421.31; MSA 17.533 does not permit non-attorneys to represent employers in contested cases before the commission.

Reversed and remanded for entry of an injunction on the cross-claim consistent with this opinion.