RENDERED: FEBRUARY 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0684-MR

CABINET FOR HEALTH AND FAMILY
SERVICES, DEPARTMENT FOR MEDICAID
SERVICES; SECRETARY ERIC FRIEDLANDER,
IN HIS OFFICIAL CAPACITY AS THE ACTING
SECRETARY OF THE CABINET FOR HEALTH
AND FAMILY SERVICES; COMMISSIONER LISA
LEE, IN HER OFFICIAL CAPACITY AS COMMISSIONER
OF THE DEPARTMENT FOR MEDICAID SERVICES          APPELLANTS


                        APPEAL FROM FRANKLIN CIRCUIT COURT
v.                      HONORABLE PHILLIP J. SHEPHERD, JUDGE
                        ACTION NO. 19-CI-01082


APPALACHIAN HOSPICE CARE, INC.                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, MCNEILL AND L. THOMPSON, JUDGES.

L. THOMPSON, JUDGE: The Cabinet for Health and Family Services,

Department for Medicaid Services; Secretary Eric Friedlander, in his official

capacity as the acting Secretary of the Cabinet for Health and Family Services; and Commissioner Lisa Lee, in her official capacity as Commissioner of the Department for Medicaid Services appeal from an order of the Franklin Circuit Court which reversed a final order of the Secretary dismissing an administrative action against Appalachian Hospice Care, Inc. We find no error and affirm.

**FACTS AND PROCEDURAL HISTORY**

The Cabinet is charged with administering Kentucky's Medicaid program and is responsible for recouping Medicaid overpayments made to providers of Medicaid services. A post payment review was conducted by the Cabinet in regard to Medicaid hospice payments made to Appellee during the period of April 1, 2010, through December 31, 2014. In a letter dated June 7, 2018, Appellee was notified of the results of the review. The letter alleged an overpayment of $176,807.14.

Appellee then submitted additional documents to the Cabinet, and another review was performed. The Cabinet issued another letter dated March 13, 2018, notifying Appellee that the overpayment amount had been reduced to $106,985.82. That letter stated:

> In accordance with 907 KAR[1] 1:671, sections 8 & 9, you may request an Administrative Hearing and are required to do so in writing. This request should be sent to the Commissioner of DMS, as well as, a copy to the

---

[1] Kentucky Administrative Regulations.

Department for Medicaid Services, Division of Program Integrity, and must be received by DMS within 30 days of receipt of this letter.

The letter then listed the mailing addresses for the Commissioner of the Department for Medicaid Services and the Division of Program Integrity.

In a letter dated April 12, 2018, Sharon Branham, Chief Operating Officer of Appellee, requested a hearing. The letter, properly sent to the relevant recipients, was two sentences long and stated: "In response to the letter the above agency received in response to the final audit report from AdvanceMed.[2] In accordance with 907 KAR 1:671, sections 8 & 9 this agency respectfully request [sic] an Administrative Hearing."

On May 16, 2018, an order was entered by a Cabinet hearing officer which indicated the Cabinet received the hearing request and a prehearing conference was scheduled. This order also stated:

> **The law requires a corporation to be represented by an attorney in an administrative proceeding.** As [Appalachian Hospice Care, Inc.] is incorporated, Appalachian Hospice Care, Inc., must be represented by an attorney in this matter. Functions customarily performed by an attorney, such as preparing and filing pleadings or other documents, cross-examining witnesses, objecting to testimony, and otherwise representing the interests of an entity, if performed in an administrative proceeding by an individual who is not an attorney, constitutes the unauthorized practice of law. Kentucky Bar Association v. Henry Vogt Machine Co.,

---

[2] AdvanceMed was the outside contractor tasked with conducting the post payment review.

Inc., Ky., 416 S.W.2d 727 (1967). . . . **Appalachian Hospice Care, Inc., shall have an attorney file an Entry of Appearance on its behalf**[.]

(Emphasis original.)

Appellee retained counsel and participated in the prehearing conference which occurred on August 1, 2018. Everything proceeded normally, and on October 30, 2018, an administrative hearing was scheduled for February 25-27, 2019. On January 15, 2019, the Cabinet filed a motion to dismiss. The Cabinet claimed that a non-lawyer may not request an administrative hearing on behalf of a corporation because it constitutes the unauthorized practice of law. The Cabinet argued that because Ms. Branham, Appellee's CEO, was not a lawyer, it was unlawful for her to request a hearing. If the hearing request was unlawful, the Cabinet's jurisdiction had not been timely invoked and the appeal of the alleged overpayment should be dismissed. Appellee filed a reply arguing that there is no statute or regulation that requires a hearing request be filed by an attorney, that dismissing the action would violate due process, and that the writing of a letter requesting a hearing is not the practice of law.

On February 13, 2019, the hearing officer entered a recommended order dismissing the case. She concluded that requesting a hearing was the practice of law and had to be undertaken by an attorney on behalf of the corporation. On September 25, 2019, the Secretary of the Cabinet entered a final

order dismissing the overpayment appeal as unauthorized and untimely. The Secretary accepted the Cabinet's argument that the hearing must be requested by an attorney representing the corporate entity.

On October 21, 2019, Appellee filed an appeal in the Franklin Circuit Court. The parties then briefed the court and on April 21, 2020, the Franklin Circuit Court reversed the final order entered by the Secretary. The court held that simply requesting a hearing was not the practice of law, and it was proper for Appellee's CEO to request the hearing. The court also held that the Cabinet should be estopped from seeking dismissal because it did not inform Appellee an attorney was required to request a hearing. The court also noted that it had presided over appeals of Medicaid decisions in the past and took judicial notice that the Cabinet had never before taken the position that an attorney for a corporation must be the one to request a hearing. This appeal followed.

## ANALYSIS

Upon review of an administrative agency's adjudicatory decision, an appeal court's authority is somewhat limited. The judicial standard of review . . . is whether the . . . findings of fact were supported by substantial evidence and whether the agency correctly applied the law to the facts. Substantial evidence is defined as evidence, taken alone or in light of all the evidence, that has sufficient probative value to induce conviction in the minds of reasonable people.

*Thompson v. Kentucky Unemployment Ins. Comm'n*, 85 S.W.3d 621, 624 (Ky. App. 2002) (citations omitted). "[A]n administrative agency's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo.*" *Hutchison v. Kentucky Unemployment Ins. Comm'n*, 329 S.W.3d 353, 356 (Ky. App. 2010). In the case at hand, whether something is to be considered the practice of law is a question of law; therefore, we review *de novo*.

The primary issue on appeal, and the issue we believe is determinative, is whether requesting the hearing was the practice of law. The practice of law is defined as follows:

> The practice of law is any service rendered involving legal knowledge or legal advice, whether of representation, counsel or advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities, or business relations of one requiring the services. But nothing herein shall prevent any natural person not holding himself out as a practicing attorney from drawing any instrument to which he is a party without consideration unto himself therefor. An appearance in the small claims division of the district court by a person who is an officer of or who is regularly employed in a managerial capacity by a corporation or partnership which is a party to the litigation in which the appearance is made shall not be considered as unauthorized practice of law.

Kentucky Rules of the Supreme Court (SCR) 3.020. This case does not involve a natural person representing himself or herself, nor does it involve a small claims court; therefore, our focus will be on the first sentence of SCR 3.020.

In support of its argument that the request for a hearing was the unauthorized practice of law, the Cabinet relies on *Kentucky State Bar Association v. Henry Vogt Machine Co.*, 416 S.W.2d 727 (Ky. 1967), *Bobbett v. Russellville Mobile Park, LLC*, No. 2007-CA-000684-DG, 2008 WL 4182001 (Ky. App. Sept. 12, 2008), *Nichols v. Kentucky Unemployment Insurance Commission*, No. 2017-CA-001156-MR, 2019 WL 1868589 (Ky. App. Apr. 26, 2019), *disc. rev. granted* (Ky. Jul. 1, 2020), *ordered not to be published* (Ky. Jul. 1, 2020), and Kentucky Bar Association, Unauthorized Practice of Law Opinion KBA U-64 (2012). We will briefly discuss each in turn.

In *Henry Vogt Machine Company*, the Kentucky State Bar Association charged Henry Vogt Machine Company, its employees, and H. A. Zachari, with unauthorized practice of law. Mr. Zachari appeared at a hearing before a referee of the Unemployment Insurance Commission. Mr. Zachari was appearing at the hearing on behalf of the company in an employment related dispute. Mr. Zachari was the director of personnel at the company, but was not a licensed attorney. During the hearing, Mr. Zachari objected to a motion and examined and cross-examined witnesses. The KBA believed this constituted the unauthorized practice of law and recommended that Henry Vogt Machine Company and Mr. Zachari be found guilty of the unauthorized practice of law, be held in contempt of court, and be permanently enjoined from making legal

-7-

objections and examining and cross-examining witnesses during unemployment hearings. The Court of Appeals, which was the highest court in Kentucky at the time, agreed and so held.

In *Bobbett*,[3] John Rockaway was the manager of Russellville Mobile Home Park, a limited liability company. He and his wife were also the sole owners of the mobile home park. Ricky and Sandra Bobbett owned a mobile home and entered into a contract to place it on a lot owned by the mobile home park. Mr. Rockaway, who was not an attorney, eventually filed a forcible detainer complaint against the Bobbetts on behalf of the mobile home park.

A panel of this Court held that by filing the detainer on behalf of the mobile home park, Mr. Rockaway had engaged in the unauthorized practice of law. Citing Kentucky Rules of Civil Procedure (CR) 11, the Court concluded that the detainer was void because it was not signed by an attorney representing the mobile home park. The Court then held that the case must be dismissed. CR 11 holds that all pleadings, motions, or other documents filed in the court must be signed by an attorney representing a party or by the party himself or herself who is not represented by an attorney. Since the mobile home park was a legal entity and not a person, it required an attorney to sign the detainer. Without the proper signature,

---

[3] *Bobbett* was later cited with approval by *Phillips v. M&M Corbin Properties, LLC*, 593 S.W.3d 525 (Ky. App. 2020), which came to an identical conclusion in a similar case.

the detainer was void. In addition, because the detainer was the initiating document, similar to a complaint, the case had to be dismissed.

In *Nichols*, Michael Nichols worked for Norton Healthcare, Inc. Norton fired Nichols and Nichols sought unemployment benefits. Norton contested the benefits request and the Unemployment Insurance Commission's investigative division concluded Nichols had been fired for misconduct and made false statements on his unemployment benefits application. Nichols was denied benefits, and he appealed. A Commission referee held a hearing where Nichols was represented by counsel. Norton, on the other hand, was represented by Scott Skinner, the supervisor who fired Nichols. Skinner was not an attorney. Skinner testified during the hearing and cross-examined Nichols. The referee later affirmed the denial of benefits. The Commission reviewed the record and also affirmed the denial.

Nichols sought judicial review of the decision. One issue before the circuit court was that the proceedings before the referee were unconstitutional because Skinner, a non-attorney, represented Norton. The circuit court ultimately affirmed the Commission's decision. Nichols then appealed to this Court. The Court held that a statute in effect at the time which allowed a corporation to be represented by a non-attorney employee was unconstitutional. The Court held that pursuant to the separation of powers doctrine, only the judiciary can enact rules

governing the practice of law and allowing a non-attorney employee to represent a corporation during a Commission hearing would constitute the unauthorized practice of law. The Court reversed and remanded for a new hearing.

Finally, KBA U-64 is an advisory opinion of the Kentucky Bar Association. The opinion starts by asking three questions and providing three answers. The first question is, can a non-attorney initiate an administrative action or file an answer in an administrative action on behalf of a corporation or other artificial entity? The answer is no. The second question is, can a non-attorney call witnesses on behalf of a corporation during an administrative hearing? The answer is no. The third question has no bearing on this case; therefore, we will not address it. The opinion then goes into detail, essentially stating that a non-attorney may not represent a corporate entity before an administrative agency because it constitutes the unauthorized practice of law. It is worth noting that, pursuant to SCR 3.530(5), advisory opinions are advisory only and not binding.

We believe the three cases and the KBA opinion cited above are distinguishable from the case at hand, and we do not consider the letter Appellee's CEO sent to the Cabinet requesting a hearing to be the practice of law. *Henry Vogt Machine Company* concerned a non-attorney raising objections and questioning witnesses during an administrative hearing. This is clearly the practice of law because it requires a person to know the rules regarding what is legally

objectionable and what relevant questions can be asked of witnesses. Here, the hearing officer's prehearing order informed Appellee that it was required to have legal representation going forward because it was a corporation. Appellee then retained counsel and intended to have counsel participate at the hearing. A non-attorney did not ask questions or make objections during an administrative hearing in this case.

As for *Bobbett*, the forcible detainer was a legal pleading, similar to a complaint, filed in a court of law. It initiated a civil action against a third party; therefore, it was subject to the rules of civil procedure, including CR 11. As the *Bobbett* case involved a court and was subject to CR 11, the detainer needed to be signed by an attorney representing the limited liability company. Filing the detainer was clearly the practice of law because it required knowledge of the civil rules and was filed with a court. Here, the letter requesting a hearing was not filed in a court of law. The request was also not subject to CR 11 because administrative actions are not subject to the civil rules until they are heard on appeal by a court. CR 1(2); *Board of Adjustments of City of Richmond v. Flood*, 581 S.W.2d 1, 2 (Ky. 1978); *Department for Human Resources v. Redmon*, 599 S.W.2d 474, 475 (Ky. App. 1980). The letter also did not initiate a civil action against a third party; it simply requested to continue an ongoing administrative action initiated by the Cabinet.

As for *Nichols*, this case also concerned a non-attorney representing a corporation during an administrative hearing. Like in *Henry Vogt Machine Company*, a non-attorney participated in a hearing by asking a witness questions. The case at hand did not involve a non-attorney participating in a hearing.

Finally, as to the KBA opinion, it is only advisory and not binding on this Court. Further, while it does state that a non-attorney cannot initiate an administrative action on behalf of a corporation, the body of the opinion does not explain this reasoning. The body of the opinion analyzes and cites to case law which concerns a non-attorney answering legal questions, a non-attorney participating in an administrative hearing, or a non-attorney drafting legal documents, like a mortgage and bankruptcy documents. The KBA opinion deals with issues more complex than sending a two-sentence letter as is the case here.

After examining the above cases and KBA opinion, as well as the definition for the practice of law, we conclude that Appellee's CEO was not engaged in the practice of law when she requested a hearing. Writing and sending the letter did not require any special legal knowledge and did not give out any legal advice. Any adult with the ability to read and write could have requested a hearing. The request did not need to be in any special format, other than to be in writing, or be written on a specific form. The request was not sent to a court of law and was not required to follow the rules of civil procedure. The Cabinet

informed Appellee that all it needed to do to request a hearing was to send a letter to specific Cabinet departments. It then freely gave the necessary mailing addresses to Appellee. Sending this request required no special skill; therefore, it cannot be considered the practice of law.

The trial court came to the same conclusion in this case, and we adopt the following part of the trial court's opinion:

> In this case, the company CEO merely notified the Cabinet and the Commissioner that it was requesting an administrative hearing. There was no legal advocacy involved. Under the applicable Medicaid statutes and regulations, the request for a hearing is a condition precedent to any administrative adjudication. The filing of the request for a Medicaid hearing is more akin to filing a permit application, a tax return, a request for a public hearing on an environmental permit, or the protest of a liquor license application, than it is to any administrative action that could be remotely characterized as practicing law. Every administrative agency has preliminary steps that must be taken as conditions precedent to the holding of an adjudicatory hearing under KRS Chapter 13B. The Cabinet's position in this case comes perilously close to a rule that any regulatory communication between a business entity and a state government must be conducted by lawyers.

> While this Court agrees with the proposition that corporations and business entities must be represented by counsel in adjudicatory hearings, there is no legal or administrative basis to support the proposition that the initial request for a hearing must be filed by a lawyer.

## CONCLUSION

The Cabinet raises other issues on appeal, but they are moot based on our conclusion that Appellee's CEO was not practicing law when she made her request for a hearing. Based on the foregoing, we affirm the judgment of the circuit court.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Shaun T. Orme
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Anna Stewart Whites
Frankfort, Kentucky