RENDERED:  DECEMBER 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1566-MR

CABINET FOR HEALTH AND FAMILY
SERVICES, DEPARTMENT FOR MEDICAID
SERVICES; ERIC FRIEDLANDER, IN HIS
OFFICIAL CAPACITY AS SECRETARY OF
THE CABINET FOR HEALTH AND FAMILY
SERVICES; AND LISA LEE, IN HER OFFICIAL
CAPACITY AS COMMISSIONER OF THE
DEPARTMENT FOR MEDICAID SERVICES                    APPELLANTS


                    APPEAL FROM FRANKLIN CIRCUIT COURT
v.                  HONORABLE PHILLIP J. SHEPHERD, JUDGE
                    ACTION NO. 20-CI-00290


HELP AT HOME, LLC                                           APPELLEE


                              OPINION
                             AFFIRMING

                         ** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; TAYLOR AND L. THOMPSON,
JUDGES.

TAYLOR, JUDGE:  The Cabinet for Health and Family Services, Department for Medicaid Services; Eric Friedlander, in his official capacity as Secretary of the Cabinet for Health and Family Services; and Lisa Lee, in her official capacity as Commissioner of the Department for Medicaid Services (collectively "appellants") appeal a November 10, 2020, Opinion and Order entered by the Franklin Circuit Court.  The court reversed a final order of the Secretary that dismissed an administrative appeal filed by the appellee, Help at Home, LLC, and remanded for further administrative proceedings.  Finding no error, we affirm.

BACKGROUND

The Cabinet for Health and Family Services, Department for Medicaid Services (DMS), is charged with administering Kentucky's Medicaid program and is responsible for recouping Medicaid overpayments made to providers of Medicaid services.  Appellee, Help at Home, LLC (HAH), is a provider of Medicaid services in Kentucky.  On June 8, 2018, DMS notified HAH that it was pursuing a post-payment review regarding what it identified as having been a potential $54,596 Medicaid overpayment to HAH.  Its correspondence directed HAH to either provide full repayment of that sum, or to file an administrative appeal in accordance with the formal dispute resolution process outlined in 907 Kentucky Administrative Regulation (KAR) 1:671 §§ 8 and 9.

- 2 -

Later that month, and pursuant to 907 KAR 1:671 § 8, HAH's Chief Operating Officer (COO), Rick Cantrell, made a written request on HAH's behalf for a dispute resolution meeting, contesting DMS's position that an overpayment had been made to HAH. Following the dispute resolution meeting, DMS notified HAH in a letter dated August 16, 2018, that it was upholding its original decision regarding the overpayment.

On September 5, 2018, after HAH received DMS's letter, Cantrell (acting as HAH's corporate representative, but not as HAH's attorney) submitted a written request on behalf of HAH for an administrative hearing as outlined in 907 KAR 1:671 § 9.[1] Afterward, the Cabinet's Division of Administrative Hearings confirmed receipt of HAH's request, and it contacted Cantrell to schedule a prehearing telephonic conference. Cantrell corresponded with DMS's counsel. HAH later retained and was represented by counsel at the prehearing conference, and at each of the several other prehearing conferences that followed. And, over the course of the year or so of negotiations and administrative practice that followed HAH's request for an administrative hearing, the record does not indicate that anyone from DMS took issue with the fact that HAH's request for an administrative hearing had come from a non-attorney.

---

[1] This is effectively an administrative appeal of the Cabinet for Health and Family Services, Department for Medicaid Services' dispute resolution process as provided for in 907 KAR 1:671 §§ 8 and 9.

However, that changed on August 2, 2019, when DMS moved to dismiss HAH's administrative appeal on precisely that ground. DMS asserted that a request for an administrative hearing pursuant to 907 KAR 1:671 § 9, made on behalf of another, qualified as the "practice of law" and could thus only be deemed effective if made by a licensed attorney. It reasoned that because Cantrell was not an attorney when he made the request on HAH's behalf, the request was therefore invalid, and HAH's administrative action was therefore improper.

The Secretary of the Cabinet ultimately agreed and entered a final order granting DMS's motion. HAH then sought review in Franklin Circuit Court, which reversed and remanded for further proceedings. This appeal follows.

STANDARD OF REVIEW

Judicial review of an administrative agency's decision is generally concerned with arbitrariness and is guided by Kentucky Revised Statutes (KRS) 13B.150:

> (2) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the final order or it may reverse the final order, in whole or in part, and remand the case for further proceedings if it finds the agency's final order is:
>
> (a) In violation of constitutional or statutory provisions;
>
> (b) In excess of the statutory authority of the agency;

(c) Without support of substantial evidence on the whole record;

(d) Arbitrary, capricious, or characterized by abuse of discretion;

(e) Based on an ex parte communication which substantially prejudiced the rights of any party and likely affected the outcome of the hearing;

(f) Prejudiced by a failure of the person conducting a proceeding to be disqualified pursuant to KRS 13B.040(2); or

(g) Deficient as otherwise provided by law.

To the extent questions of law arise out of an administrative proceeding, the court's review is *de novo*. *Aubrey v. Off. of the Att'y Gen*., 994 S.W.2d 516, 519 (Ky. App. 1998). In this case, the only issue before this Court is whether a request for administrative appeal by a non-attorney on behalf of a corporate entity constitutes the unauthorized practice of law, and thus warrants dismissal of the administrative proceeding under KRS 13B.150. This issue is clearly a question of law and our review proceeds *de novo*.

## ANALYSIS

As noted, the primary issue on appeal is whether the request for a hearing by HAH's chief operating officer constituted the unauthorized practice of law, and thus requires dismissal of the administrative appeal. The practice of law is defined as follows:

The practice of law is any service rendered involving legal knowledge or legal advice, whether of representation, counsel or advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities, or business relations of one requiring the services. But nothing herein shall prevent any natural person not holding himself out as a practicing attorney from drawing any instrument to which he is a party without consideration unto himself therefor. An appearance in the small claims division of the district court by a person who is an officer of or who is regularly employed in a managerial capacity by a corporation or partnership which is a party to the litigation in which the appearance is made shall not be considered as unauthorized practice of law.

Kentucky Rules of the Supreme Court (SCR) 3.020. This case does not involve a natural person representing himself or herself, nor does it involve a small claims court; therefore, our focus will be on the first sentence of SCR 3.020.

Appellant's primary argument relies on *Kentucky State Bar Association v. Henry Vogt Machine Co., Inc.*, 416 S.W.2d 727 (Ky. App. 1967); *Bobbett v. Russellville Mobile Park, LLC*, No. 2007-CA-000684-DG, 2008 WL 4182001 (Ky. App. Sep. 12, 2008); *Nichols v. Kentucky Unemployment Insurance Commission*, No. 2017-CA-001156-MR, 2019 WL 1868589 (Ky. App. Apr. 26, 2019), *disc. rev. granted* (Ky. Jul. 1, 2020), *ordered not to be published* (Ky. Jul. 1, 2020), and Kentucky Bar Association, Unauthorized Practice of Law Opinion KBA U-64 (2012).

We have thoroughly reviewed the authority cited, including the KBA opinion referenced above. Based on our review, we find this authority distinguishable, with the exception of *Nichols* as discussed below, and otherwise not applicable to the facts of this case. Accordingly, we conclude that the letter Cantrell sent to request an administrative hearing for HAH did not constitute the practice of law.

In *Henry Vogt Machine Co., Inc.*, 416 S.W.2d 727, a non-attorney raised objections and questioned witnesses during an administrative hearing. This is clearly the practice of law because it requires a person to know the legal rules and procedures regarding what is objectionable at an evidentiary hearing and how to question witnesses. In our case, subsequent to Cantrell's request for a hearing pursuant to 907 KAR 1:671 § 9, HAH retained counsel to participate in the proceedings, including the administrative hearing. And, a non-attorney did not ask questions or make objections during an administrative hearing in this case.

In *Bobbett*, 2008 WL 4182001, a forcible detainer was filed by a non-lawyer to evict a tenant from a mobile home park that was doing business as a limited liability company. A forcible detainer is a legal pleading, similar to a complaint, that is filed in a court of law. A forcible detainer complaint initiates a legal action against a third party; therefore, it is subject to the rules of civil procedure, including CR 11. As the *Bobbett* case involved court proceedings that

were subject to Kentucky Rules of Civil Procedure (CR) 11, the detainer complaint had to be signed by an attorney representing the limited liability company. Filing the detainer clearly involved the practice of law because it required knowledge of the civil rules and was filed in a court of law. Here, Cantrell's letter of September 5, 2018, requesting an administrative hearing was not filed in a court of law. The request was also not subject to CR 11 because administrative actions are not subject to the civil rules until they are heard on appeal by a court. CR 1(2); *Bd. of Adjustments of City of Richmond v. Flood*, 581 S.W.2d 1, 2 (Ky. 1978); *Dep't for Human Resources v. Redmon*, 599 S.W.2d 474, 475 (Ky. App. 1980). The letter also did not initiate a civil action against a third party; it simply constituted the initiation of an administrative appeal in accordance with the Cabinet's regulations.

As for *Nichols*, this case also concerned a non-attorney representing a corporation during an administrative hearing. In *Nichols*, a non-attorney participated in an unemployment hearing on behalf of a corporation and asked a witness questions. This Court held that corporations must be represented by attorneys in employment hearings. The Kentucky Supreme Court recently reversed this Court in *Kentucky Unemployment Insurance Commission v. Nichols*, ___ S.W.3d ___ (Ky. 2021) (final on November 18, 2021). In *Nichols*, the Supreme Court did not reach the merits of the appeal based on a standing issue, but did address similar issues in the Court of Appeals' interpretation of *Turner v.*

*Kentucky Bar Association*, 980 S.W.2d 560 (Ky. 1998). *Id.* at *5. Relevant to this appeal, the Supreme Court observed: "If no legal advice is being given or legal rights are being adjudicated, it is unlikely this court would find that the non-attorney is engaging in the practice of law." *Id.*

Finally, as to the KBA opinion, it is only advisory and not binding on this Court. Further, while it does state that a non-attorney cannot initiate an administrative action on behalf of a corporation, the body of the opinion does not explain this reasoning. The body of the opinion analyzes and cites to case law which concerns a non-attorney answering legal questions, a non-attorney participating in an administrative hearing, or a non-attorney drafting legal documents, like a mortgage and bankruptcy documents. The KBA opinion deals with issues more complex than sending a two-sentence letter as is the case here.

Based on the foregoing, we conclude that Cantrell was not engaged in the practice of law when he requested an administrative hearing on behalf of HAH. The letter drafted by Cantrell did not require any special legal knowledge and did not give any legal advice. The administrative regulation does not require any specific format other than the request be in writing. Nor does the regulation require the request to be submitted by an attorney. The request was not filed in a court of law and thus did not trigger application of the rules of civil procedure. Likewise, DMS had informed HAH in writing that all it needed to do to request a

hearing was to send a letter to specific Cabinet departments. DMS then freely gave the necessary mailing addresses to HAH. As stated previously, sending this request required no special skill; therefore, it cannot be considered the practice of law.

While this Court agrees with the proposition that corporations and business entities must be represented by counsel in adjudicatory hearings, there is no legal or administrative basis to support the proposition that the initial request for an administrative hearing must be filed by a lawyer under the regulation.

CONCLUSION

The Cabinet raises other issues on appeal, but they are moot based on our conclusion that HAH's COO, Cantrell, was not practicing law when he made his request for a hearing. Based on the foregoing, we affirm the judgment of the circuit court.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Shaun T. Orme
Frankfort, Kentucky

BRIEF FOR APPELLEE:

R. Morgan Salisbury
Lexington, Kentucky